ALONZO RAMON V. STATE

No. 27,804. November 23, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) January 11, 1956

*F. G. Garza*, Corpus Christi, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for rape; the punishment, imprisonment in the penitentiary for life.

This is a companion case to that of Salvador Sandoval v.

State, No. 27,E21, (page 370, this volume), appellant having been identified by the prosecutrix as the largest of the six men who ravished her, he having carried her from the car, and twice had intercourse with her while another of the six men held a knife at her throat.

Unlike the Sandoval case, no confession of the appellant was offered in evidence, otherwise there is no material difference in the evidence.

No brief in appellant's behalf has been filed and there are no formal bills of exception and no exceptions to the court's charge.

We shall discuss the principal contentions presented in oral argument by appellant's counsel.

The prosecutrix was positive in her identification of appellant, though she had not seen him before the time in question and despite the fact that he, like his companions, wore a handkerchief across his face.

Over the objection of appellant, the prosecutrix was permitted to testify that she had heard appellant's voice while he was conversing with a deputy sheriff in the jail where he was confined, and recognized it as that of one of her attackers.

There is nothing in the record to show or tend to show that appellant was required to speak or to utter any particular words while in jail, and the identification of his voice was not predicated upon any particular words or statements but upon hearing him conversing with another person.

Beachem v. State, 144 Texas Cr. R. 272, 162 S.W. 2d 706, and Lucas v. State, 160 Texas Cr. R. 443, 271 S.W. 2d 821, appear to be authority for the proposition that the determining factor is whether the evidence which incriminates the accused was produced by him or by the officers. There is no showing here that the officers produced any evidence.

We overrule the contention that the testimony of the prosecutrix should have been excluded because appellant was in jail when she recognized and identified his voice.

Ciriaco Lopez, who was indicted along with appellant and Sandoval, was a witness for the state. The indictment against him had been dismissed and he had been promised immunity.

Appellant's counsel appears to be concerned about whether this witness was sufficiently apprized of his right to refuse to incriminate himself by his testimony.

We need not consider whether appellant is in position to make this complaint for the witness Lopez testified that though he was in company with the six men on the night in question, he was asleep at the time of the offense, in the car in which they were riding, and first learned of the affair when he overheard appellant say that he had just had intercourse with a woman.

The evidence sustains the conviction and we find no reversible error.

The judgment is affirmed.