**Bobby Ray ANDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 29287.

Court of Criminal Appeals of Texas.

Nov. 27, 1957.

On Motion to Reinstate Appeal
Jan. 29, 1958.

Wilson F. Walters, Denison, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

The offense is unlawfully carrying knuckles, as denounced by Article 483, Vernon's Ann.P.C.; the punishment, six months in jail.

The notice of appeal found in the transcript consists only of an instrument filed with the clerk of the court. It is well recognized law in this State that notice of appeal must be given in open court and entered on the minutes of the court. This Court has consistently held that a notation on the court's docket is not sufficient. Williams v. State, Tex.Cr.App., 272 S.W.2d 115. We must therefore hold that an instrument merely filed with the clerk is also insufficient.

In the absence of a proper notice of appeal in the record, this Court is without jurisdiction to consider the appeal. It is therefore dismissed.

On Motion to Reinstate the Appeal

WOODLEY, Judge.

It is now shown that notice of appeal was given and entered of record and the appeal is reinstated.

Appellant was driving his automobile when he was followed, searched and arrested. He was accompanied by Charlie Jones and Delmus Baker, who were also searched.

The three were placed in the police car and taken to jail and were booked, appellant for driving while intoxicated and his companions for being drunk in a public place.

The arresting officer who had taken possession of the car key then returned to appellant's car, searched it and found a pair of "Brass Knucks" under the right front seat.

Delmus Baker had testified at appellant's trial for another offense the previous day, but did not appear at the trial from which this appeal is prosecuted.

On the day of the present trial the State obtained issuance of a subpoena for Delmus Baker, but he could not be located in Grayson County. The Sheriff testified that he had gone to Baker's home and had made inquiry there and at various places, and the people he had talked to could give him no information concerning Baker's whereabouts.

Upon this predicate, over objection, the testimony of Delmus Baker at the other trial was read by the court reporter from his notes.

We are aware of no law which would permit the testimony of a witness at a former trial to be reproduced simply because he could not be located or had absented himself from the county.

The reproduced testimony of Delmus Baker related to the possession of the knucks and was of an incriminating nature, and the court erred in permitting it to be read to the jury. The error requires that the conviction be set aside.

The judgment is reversed and the cause remanded.