209 So.2d 682 (1968)
Anthony F. SIMON, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 67-214, 67-215.
District Court of Appeal of Florida. Third District.
April 9, 1968.
Rehearing Denied May 21, 1968.
Harry W. Prebish; Richard M. Gale, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Harold Mendelow, Asst. Atty. Gen., for appellee.
Before BARKDULL and SWANN, JJ., and LOPEZ, JR., AQUILINO, Associate Judge.
LOPEZ, Jr., AQUILINO, Associate Judge.
This is an appeal (Case No. 67-214) to reverse a judgment of conviction and life sentence in a prosecution for breaking and entering the dwelling of James and Edith Joyce and assaulting persons lawfully therein and for robbery. This is also an appeal (Case No. 67-215) to reverse a judgment of conviction and life sentence in a prosecution for breaking and entering a dwelling house of Elsie Stubblefield and assaulting persons within said premises and for robbery.
*683 Informations were filed charging the defendant, Anthony F. Simon, with the offenses of which he was convicted. The defendant was arraigned on both informations and pleaded not guilty. The two cases were consolidated for a non-jury trial. The defendant was found guilty on all counts and sentenced to life imprisonment in Appeal Case No. 67-214, and to life imprisonment in Appeal Case No. 67-215 to begin at the expiration of the life sentence imposed in the previous case.
The issue presented by this appeal concerns the identity of the defendant as the perpetrator of the crimes in question.
At the time that the intruders entered the Stubblefield home, the housekeeper was the only person present and she testified that she was awakened by a hand that was held against her face and at that time did not see the assailants but did hear their voices. She testified that she saw the assailants place Mrs. Stubblefield on a bed on latter's return to her home and that the defendant was in the residence the night in question. Mrs. Stubblefield testified that she returned home at 11:00 P.M. and that as she went into the hall, two men pounced on her and that the defendant came out of the living room holding a gun and that she would "never forget the shape of his head in his mask and his posture and the way he walked towards me." Mrs. Stubblefield identified the defendant and said although she couldn't see his face, she saw him and that she was sure he was in her home this night.
The intruders entered the Joyce home, which is two blocks from the Stubblefield home, at 11:30 P.M. The testimony shows that one of the robbers placed his hand over Joyce's mouth, pointed a pistol at him and said, "If you make any noise, I am going to kill you". This man was wearing a mask and the men were in the Joyce residence about forty-five minutes. Mr. Joyce identified the defendant by his voice and build. Mrs. Joyce testified that both had masks on when in the room but the masks were off, hats were off and the lights were on when they went out the door. She also testified that she recognized their voices and profiles and that the defendant was the one that had the gun.
Sufficient, competent and substantial evidence was presented to show that the defendant was one of the perpetrators of the crimes in question. A witness may give evidence as to a person's identity from any facts that lead him to believe he knows the identity of the person in question and may base his conclusion on size, manner of walk, tone of voice or any mark or peculiarity of the person being identified. 29 Am.Jur.2d, Evidence, § 367; 13 Fla.Jur., Evidence, § 162. A witness may be permitted to identify an accused from having heard his voice. Riner v. State, 128 Fla. 848, 176 So. 38 (1937); Mack v. State, 54 Fla. 55, 44 So. 706, 13 L.R.A., N.S., 373 (1907); Martin v. State, 100 Fla. 16, 129 So. 112 (1930); Wright v. State, 182 So.2d 264 (Fla.App. 1966); Ross v. State, 190 So.2d 187 (Fla.App. 1966).
Where evidence of identity is unsatisfactory, convictions have been reversed upon the ground that the prosecution must prove identity beyond a reasonable doubt, but in this case, the identity was proved beyond a reasonable doubt and both judgments of conviction are therefore affirmed.
Affirmed.