STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. PAUL GORDON CARY, DEFENDANT-RESPONDENT.

Argued December 17, 1968—Decided April 21, 1970.

*Mr. Arthur J. Timins,* Assistant Prosecutor, argued the cause for plaintiff-appellant (*Mr. Karl Asch,* Union County Prosecutor, attorney).

*Mr. Oscar F. Laurie* argued the cause for defendant-respondent.

PER CURIAM. This case is before us for the third time. In April, 1966, the defendant was indicted for murder. The police possessed a tape recording of a male voice telephoning information to the police station regarding the crime of which the defendant was accused. The State sought to compel the defendant to submit to a recording of his voice for the purpose of "voiceprint identification." The trial judge ordered him to submit to the recording and on defendant's appeal we conditionally affirmed the order. 49 *N. J.* 343 (1967). We remanded the matter for a showing that the voiceprint technique and equipment were sufficiently accurate to produce results admissible as evidence. On remand, after receiving extensive evidence concerning the accuracy of the voiceprint technique, Judge Barger con-

cluded that "any identification opinion resulting [from a comparison of the tape to defendant's voiceprint] would not, as of this time, be admissible as evidence in this case." 99 *N. J. Super.* 323, 334 (Law Div. 1968).

The State appealed and, at the argument before us, it requested that it be afforded the opportunity to produce further expert testimony and that the case be again remanded for that purpose. On February 6, 1969, we granted this request because of the far reaching implications of admission of voiceprint evidence. 53 *N. J.* 256, 258. Thereafter, the State requested additional time to produce the testimony and was granted an extension until March 31, 1970. Since the expiration of that date, we have received notice from the State that it is not, at this time, able to furnish any new and significant evidence. We cannot postpone the trial of this case indefinitely. In view of the record now before us, we conclude that the order of the trial court should be affirmed for the reasons expressed in Judge Barger's opinion.

Affirmed.

*For affirmance* — Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—6.