265 So.2d 96 (1972)
Jose B. ALEA, Appellant,
v.
The STATE of Florida, Appellee.
No. 71-1419.
District Court of Appeal of Florida, Third District.
July 25, 1972.
Phillip A. Hubbart, Public Defender, and Bennett H. Brummer, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PEARSON, Judge.
The appellant was charged by information, found guilty after a nonjury trial, and adjudged guilty of extortion and conspiracy to commit extortion. He was sentenced to one year in the county jail. The single point presented for our review argues that the trial judge committed reversible error when he allowed the results of a spectrographic analysis to be admitted into evidence. The results of the spectrographic analysis were used to support the proof of appellant's identity as the perpetrator of the crime.
A spectrograph is an instrument which scientifically processes the sounds of human speech and reproduces them graphically as a spectrogram or "voiceprint." Spectrographic analysis is based on the theory that no two human voices are identical. Therefore, in criminal prosecutions, the voiceprints of a suspect can be compared with other voiceprints in a manner which resembles fingerprint interpretation.
The expert testimony of witnesses Dr. Oscar Tosi, Professor of Audiology and Speech Sciences at Michigan State University, and Ernest Nash, police officer in charge of the Michigan State Police Voice Identification Unit was admitted. It should be noted that in the case at bar, appellant's point on appeal does not include an assertion that his voiceprint was improperly taken, nor does it include an assertion that *97 appellant's constitutional rights were violated.
Appellant insists that there is absolutely no Florida appellate authority to sustain the admission for any purpose, of spectrographic voiceprint identification. It is further contended that only three appellate courts have dealt with the admission of spectrographic voiceprint identification in the entire country, and two of those courts have refused its admission for any purpose. People v. King, 266 Cal. App.2d 437, 72 Cal. Rptr. 478 (1968); State v. Cary, 99 N.J. Super. 323, 239 A.2d 680 (1968), aff'd., 56 N.J. 16, 264 A.2d 209 (1970). The appellant argues that only the Supreme Court of Minnesota has admitted spectrographic voiceprint identification, and then solely for the purpose of establishing, at a habeas corpus hearing, probable cause to justify the issuance of an arrest and search warrant. State ex rel. Trimble v. Hedman, 291 Minn. 442, 192 N.W.2d 432 (1971). Therefore, appellant urges that it was clearly prejudicial error for the trial court to admit spectrographic voiceprint identification into evidence except for the limited purpose approved in State ex rel. Trimble v. Hedman, supra.
The state argues that admissibility of voice identification has long been the law in Florida. Such testimony is admissible to establish the identity of a suspect as direct and positive proof, although its probative value is a question for the jury. In Martin v. State, 100 Fla. 16, 129 So. 112 (1930), the Supreme Court of Florida stated the rule as follows:
* * * * * *
"This court has held that testimony is admissible to establish the identity of an accused even by one having heard his voice, and such evidence is not to be considered as circumstantial, but as direct and positive proof of a fact, and its probative value is a question for the jury. Pennington v. State, 91 Fla. 446, 107 So. 331; Mack v. State, 54 Fla. 55, 44 So. 706, 13 L.R.A.,N.S., 373, 14 Ann. Cas. 78; Martin v. State, 86 Fla. 616, 98 So. 827."
* * * * * *
Also see Simon v. State, Fla.App. 1968, 209 So.2d 682. Furthermore, a recorded telephone conversation made with the consent of one of the parties to the conversation, is admissible. See Walker v. State, Fla.App. 1969, 222 So.2d 760; Barber v. State, Fla. App. 1965, 172 So.2d 857. This is particularly true when the recording is used to corroborate the testimony of the consenting party. See Parnell v. State, Fla.App. 1969, 218 So.2d 535; Koran v. State, Fla.App. 1968, 213 So.2d 735; State ex rel. Trimble v. Hedman, supra. In the case at bar, three tape recordings of extortionary telephone calls to a prosecution witness, depicting the voice of the defendant, were introduced into evidence to corroborate the witness' testimony. Two of the telephone calls were recorded by the prosecution witness himself. The third was recorded by the prosecution witness while a police officer was listening in with the witness' consent. The introduction into evidence of these tape recordings was proper according to the latest pronouncement of the Supreme Court of Florida in Tollett v. State, Fla. 1972, Case No. 40,993, filed May 24, 1972. In that case, the Court clearly outlined the requirements for admissibility of such tape or electronic recordings:
* * * * * *
"We take note of Chapter 934, F.S., enacted as Chapter 69-17 at the 1969 legislative session and particularly Section 934.01(4) thereof, which reads in part:
`(4) To safeguard the privacy of innocent persons, the interception of wire or oral communications when none of the parties to the communication has consented to the interception should be allowed only when authorized by a *98 court of competent jurisdiction ...' (Emphasis added.)
* * * * * *
"The quoted language in Section 934.01 (4) does not abrogate the rule expressed in Walker v. State, supra, that a participant in a communication must himself take the witness stand and testify that he gave his consent to the interception as a predicate to the introduction of the electronic reproduction of the communication. Its introduction under those circumstances is not violative of the new language in Section 12, Article 1; rather, it is in keeping with the intent of the new verbiage. This is so because it is an elementary rule of evidence that a party to a discussion or communication with a defendant may take the witness stand and testify, subject to cross-examination, as to the contents of his communication or discussion with a defendant and this can include as a logical concomitant to his testimony any tape or electronic recordings of such communications or discussions which he himself made or which he authorized (consented for) police officers to make. Such direct testimony easily falls in the class of those exceptions where establishment of probable cause and securance of a warrant or order are not required." (Emphasis supplied)
* * * * * *
Our independent research has discovered additional persuasive authority which supports the admissibility of voiceprints into evidence. See United States v. Raymond, 337 F. Supp. 641 (D.D.C. 1972); United States v. Wright, 17 U.S.C.M.A. 183, 37 C.M.R. 447 (1967). Recently, the District Court of Appeal, Fourth District, held that voiceprints were properly admitted as corroboration of the defendant's identification by other means. Worley v. State, Fla. App. 1972, 4th D.C.A., filed May 19, 1972. The court made the following statement in explaining its decision:
* * * * * *
"In our case the evidence against defendant was already ample to sustain his conviction, even without the use of voiceprints. Therefore, this decision must be limited by our facts. We hold voiceprints were properly admitted to corroborate defendant's identification by other means. State ex rel. Trimble v. Hedman, supra.
"The issues not being before us, we do not decide if voiceprint identification may be employed only for corroboration, or, if voiceprint identification, standing alone, would be sufficient to sustain the identification and conviction of the defendant."
* * * * * *
In light of the foregoing discussion, we hold that it was not reversible error to allow into evidence the testimony of the experts as to voice identification, nor was it error to admit into evidence the voiceprints upon which the experts' opinion was based.
The evidentiary value of the voiceprints, and therefore of the experts' testimony was properly submitted to the trier of fact. It is important to note that the judgment of the trial court does not rest upon the evidence of the experts alone. As in Worley v. State, supra, there was other substantial evidence to identify the appellant as the perpetrator of the crime. He was one of the persons who attempted to implement the extortion threats by the collection of the money extorted. In addition, there was proof that his voice was identified as that of the person making the threats by two witnesses who testified without the aid of spectrographic voiceprint identification.
Affirmed.