279 So.2d 913 (1973)
Willie Louis LINDSEY
v.
STATE of Mississippi.
No. 47395.
Supreme Court of Mississippi.
June 25, 1973.
James G. McLemore, Jr., Carthage, for appellant.
A.F. Summer, Atty. Gen. by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice:
Appellant Willie Louis Lindsey was indicted, tried and convicted in the Circuit Court of Leake County for the crime of rape. He was sentenced to serve a term of life imprisonment in the state penitentiary. From this conviction and sentence he appeals. We affirm.
There is no dispute in the evidence in this case relative to the fact that Mrs. Winner Williams, a sixty-five year old widow, who lived alone, was assaulted and ravished about midnight on July 29, 1972. She identified appellant as being her assailant, and the jury found him guilty of the crime.
Appellant's assignment of errors is as follows:
1. The trial court erred in refusing to grant defendant's instruction for a directed verdict inasmuch as the evidence was insufficient to establish defendant's identity as prosecutrix's assailant.

*914 2. The trial court erred in admitting the testimony of William Havard Roberts into evidence over the objection of the defendant as to the results of tests conducted on soil samples and the admission of said testimony was a clear abuse of discretion.
3. The trial court erred in admitting into evidence over the objection of the defendant photographs purporting to be photographs of the line-up from which the prosecutrix identified the defendant as her assailant.
As to the identification Mrs. Williams testified that although the room was dark and she could not recognize appellant by his physical appearance, she did recognize his voice. She had never carried on a personal conversation with appellant, but had heard him speak on several occasions over a period of about two years. He lived near her home and she had heard him talk with others on several occasions. She testified that his voice was different from the other persons who lived in that area. Appellant asked her questions and gave commands which gave her an opportunity to hear his voice and recognize it. She also testified that he had on a dark ribbed knit shirt and had a goatee and sideburns. When appellant was arrested the following day he had on a gray knit shirt and had sideburns and a goatee. In Hurst v. State, 240 So.2d 273 (Miss. 1970), we pointed out that it has been the rule from early time that the testimony of a person by having heard a voice is competent and legitimate evidence to establish identity in both civil and criminal cases. The case of Lee v. State, 242 Miss. 97, 134 So.2d 145 (1961), involved the same question as raised here. There we said:
It is argued, however, that the prosecutrix had never seen the three persons who invaded her home prior to the date of the alleged crime, and since she had a pillow case tied over her head at the time the alleged crime was actually committed, the prosecutrix' identification of the appellant as one of the persons who actually ravished her was based entirely upon her recognition of his voice, and that such voice recognition testimony was insufficient to prove the identity of her attacker beyond a reasonable doubt and to a moral certainty.
But the courts have generally held that testimony identifying the accused by recognition of his voice is direct evidence, and the weight to be given such testimony is a question of fact for the jury to determine. See Annotation-Identification of Accused by his Voice, 70 A.L.R. 2d 995, 1012, and cases cited.
In discussing the competency and weight to be given to such voice recognition testimony, the textwriter in 20 Am. Jur. p. 326, Evidence, Sec. 351, says: "Such evidence is not the statement of mere matter of opinion, but is the statement of a conclusion reached directly and primarily from an operation of the sense of hearing. It is direct and positive proof. The infrequency with which the witness heard the voice before the time in question is not a reason for the exclusion of his testimony, although it may affect the probative value thereof * * *. It is for the jury to determine whether such evidence, considered in connection with other evidence of identity, sufficiently establishes the identification of the accused." (242 Miss. at 106, 107, 134 So.2d at 149, 150).
The testimony of Mrs. Williams was not contradicted or discredited by any other evidence. Her identification was positive and was sufficient to support a finding by the jury that appellant was guilty of the crime charged against him.
We find no merit in appellant's contention that the court committed error by admitting the testimony of a criminologist of a soil test he made relative to samples taken from appellant's shoes and from the floor of the bedroom where the crime was committed. Appellant's principal contention *915 is that the state failed to satisfactorily show the chain of possession of the soil samples. It is well settled that the question of the chain of custody is a matter in the sound judicial discretion of the trial judge, and unless the discretion has been judicially abused, it will not be disturbed on appeal. The trial judge was of the opinion that the chain of custody had been sufficiently shown, and although the chain of custody could have been more skillfully developed, in the absence of any indication or any reasonable inference of probable tampering or substitution of evidence, we cannot say that he abused his discretion in so holding. Nix v. State, 276 So.2d 652 (Miss. 1973); Grady v. State, 274 So.2d 141 (Miss. 1973); and Wright v. State, 236 So.2d 408 (Miss. 1970).
Finally, the error, if any, relative to the admission of the photograph alleged to have been taken at the time Mrs. Williams identified appellant at the line-up is harmless beyond a reasonable doubt. It developed that the sheriff was mistaken when he identified the photograph as being the one taken at the time of the line-up and upon being recalled, he so testified before the jury. Appellant did not move to exclude the photograph and in the absence of any indication that Mrs. Williams' identification of appellant in the line-up was tainted in any way, we are unable to see how the appellant was prejudiced by the admission of this photograph. Rule 11, Mississippi Supreme Court Rules (1967).
Appellant's defense was an alibi sought to be established by one witness. Appellant did not testify on his own behalf and after a careful review of the record in this case, we find that the evidence is sufficient to support the verdict of the jury and in the absence of any reversible error, this case must be and is affirmed.
Affirmed.
RODGERS, P.J., and ROBERTSON, WALKER and BROOM, JJ., concur.