Kenneth Richard **EILAND**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48294.

Court of Criminal Appeals of Texas.

May 15, 1974.

Rehearing Denied June 5, 1974.

Walter Boyd, William G. Rosch, III, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Jack Bodiford, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for murder; the punishment, imprisonment for life.

The appellant says the trial court erred in failing to submit a charge on circumstantial evidence after appellant raised such failure by timely objection to the Court's charge. The complaint is well taken, and we reverse.

The son-in-law of the deceased entered her house around 10:00 P.M. on Sunday, July 9, 1972, through an unlatched screen door. He found the body of the seventy-six year old woman on her bedroom floor. The medical examiner stated that in his opinion death occurred sometime between 8:00 P.M., July 8th and 2:00 A.M., July 9th. There were indications the deceased had lain unconscious for several hours before death occurred. Death resulted from a severe beating about the head and chest. The deceased's billfold was found to be empty, and her dresser appeared to have been ransacked.

A window in the deceased's bedroom provided further evidence. The inside window shade protruded outside underneath the closed window. The outside screen had been removed from the window and was on the ground near the window. A neighbor of the deceased's testified she had helped the deceased mow her lawn the preceding Friday, and the screen had not been on the ground then.

A palmprint was found on the window-sill. Three fingerprints were found, two on the outside of the window itself, and one on the inside of the window, in such a manner that they could only have been made while the window was raised. All of these prints were identified as appellant's. No fingerprints were found on the deceased's dresser, on the lamp which may have been used in the killing, or anywhere else in the room.

■ This Court has held that the distinction between circumstantial and direct evidence is that the latter applies directly to the ultimate fact to be proved, while circumstantial evidence is the direct proof of a minor fact which, by logical inference, demonstrates the fact to be proved. Farris v. State, 496 S.W.2d 55 (Tex.Cr.App. 1973); see also Selman v. State, 505 S.W.

2d 255 (Tex.Cr.App.1974); Crawford v. State, 502 S.W.2d 768 (Tex.Cr.App.1973); Powell v. State, 494 S.W.2d 575 (Tex.Cr.App.1973); McBride v. State, 486 S.W.2d 318 (Tex.Cr.App.1972).

■ The only evidence presented at the guilt phase of the trial connecting the appellant to the killing was testimony that the prints found on the window and windowsill were his. Such evidence that the appellant entered or left the deceased's house through her bedroom window is not direct evidence of the killing. At most, it might be direct evidence of appellant's illegal entry. See Nelson v. State, 505 S.W.2d 271 (Tex.Cr.App.1974); Dues v. State, 456 S.W.2d 116 (Tex.Cr.App.1970); Mann v. State, 420 S.W.2d 614 (Tex.Cr.App.1967); Grice v. State, 142 Tex.Cr.R. 4, 151 S.W.2d 211 (1941). Here, it is simply one circumstance which might be used by the jury in drawing its conclusion that appellant killed the deceased. The State relies in part upon Galvan v. State, 461 S.W.2d 396 (Tex.Cr.App.1971), for the proposition that fingerprints found at the scene of the crime may constitute direct evidence, thus eliminating the need for a charge on circumstantial evidence. However, as appellant correctly points out, Galvan v. State, supra, and other cases holding fingerprints to be direct evidence involve burglary charges, where illegal entry is the main fact to be proved. See also Nelson v. State, supra; Dues v. State, supra; Mann v. State, supra; and Grice v. State, supra. In the case at bar, as opposed to the burglary cases, appellant's illegal entry is not the main fact at issue. Rather, his voluntary killing of the deceased is the main fact at issue. Of this the fingerprints are not direct evidence.

The charge on circumstantial evidence should have been given.

The case is reversed and the cause remanded.

Opinion approved by the Court.