Danny McINTURF, Appellant,

v.

The STATE of Texas, Appellee.

No. 51416.

Court of Criminal Appeals of Texas.

Dec. 22, 1976.

Richard D. Bird, court appointed, Childress, for appellant.

Thomas A. Curtis, D. A. and David L. Gleason, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

Prior to his recent retirement Judge Thurman M. Gupton prepared the following opinion for the court. We now adopt it as the opinion of the court.

"The offense is rape under Art. 1183, V.A.P.C.; the punishment, ten years.

"In two grounds of error appellant complains of the failure of the trial court to charge the jury on the law of circumstantial evidence. Appellant contends there is no direct evidence identifying him as the perpetrator of this rape. The record reflects that a man entered prosecutrix' trailer, exhibited a knife, made verbal threats, and committed acts of oral sodomy and intercourse. The prosecutrix identified appellant in court as the assailant based on a comparison of the sound, quality and tone of appellant's voice. The voice identification was the only method by which the prosecutrix was able to identify the appellant.

"The prosecutrix testified that she was awakened by a man wearing a hose over his face. She stated that her vision uncorrected was 20–400 and she was not wearing her eye glasses. The man wrapped a bath towel around her head and secured it with a tape measure. The blindfold was not removed until after the man left her trailer approximately three hours later. During the last half hour the man spoke extensively about himself. The prosecutrix thus had ample opportunity to observe the character of the man's voice. In the presence of the jury she stated that appellant's voice was the voice of the man in her trailer. She further stated that on one other occasion she had an opportunity to hear appellant's voice, but the details of that occasion were not admitted into evidence. Cf. *Ramon v. State,* [162 Tex.Cr.R. 365,] 285 S.W.2d 225. We find this sufficient to show a basis for comparison of the assailant's voice and appellant's voice, even though the prosecutrix acquired some additional knowledge of the appellant's voice after the alleged rape. *Locke v. State,* [Tex.Cr.App.,] 453 S.W.2d 484.

"The prosecutrix' testimony concerning the voice identification was very strong and was in no way impeached. Cf. *Porter v. State,* [Tex.Cr.App.,] 50 S.W. 380. However, there was no physical evidence to connect appellant with the offense. No fingerprints were found because before the man left prosecutrix' trailer he dusted his fingerprints off everything he might have touched. The trial court was therefore not required to charge the jury on the law of circumstantial evidence if the voice identification by the prosecutrix constituted direct evidence. *Helms v. State,* [Tex.Cr.App.,] 493 S.W.2d 227.

"In *Givens v. State,* [35 Tex.Cr.R. 563,] 34 S.W. 626, this Court held a charge on circumstantial evidence was not required where the appellant was identified by the complaining witness on the basis of his voice. He was also identified by another witness as the person who fired the shot which was the basis of the charge of assault with intent to murder.

"In *Welch v. State,* [143 Tex.Cr.R. 529,] 154 S.W.2d 248, cert. den. 315 U.S. 808, 62 S.Ct. 797, 86 L.Ed. 1207, the accused was charged with kidnapping for extortion and was identified on the basis of his voice and a black hat found in appellant's possession which was identified as the one worn by the kidnapper. Citing *Givens,* this Court held that the case was not one requiring a charge on circumstantial evidence.

"In both *Givens* and *Welch,* the voice identification was made by a person who had known the appellant for several years.

"In *Porter,* a conviction for burglary with intent to commit rape was reversed because the evidence was insufficient to establish the identity of appellant, which was proven solely by his voice and by certain tracks. The prosecutrix in that case was not familiar with appellant's voice and her recognition of appellant's voice was contradicted by other witnesses. The Court stated:

" 'But we do not believe, as stated before, that the identity of appellant is established with that degree of certainty in accordance with the *rules of circumstantial evidence* . . . ' (Emphasis added)

"In two other cases, *Waggoner v. State,* [Tex.Cr.App.,] 98 S.W. 255, and *Holland v. State,* [56 Tex.Cr.R. 440,] 120 S.W. 470, this Court has treated voice identification as opinion evidence.

"In *Waggoner* a witness identified appellant by his voice, stating 'he could not be

sure whose voice it was, but that it "went mightily like Joe Waggoner's."' This Court said:

"'This might be in a certain sense in the nature of an opinion, but, as we understand, this character of evidence is admissible.'

"In *Holland* a witness testified the voice he heard quarreling with the deceased was the same voice he heard later.

"This Court stated:

"'Certainly a witness can give his opinion as to whether a voice he hears is the same voice he heard a few moments before.'

"Other courts that have passed upon the issue at hand have held that voice identification is direct evidence. In *Lindsey v. State*, 279 So.2d 913, 914 (Miss.1973), the Supreme Court of Mississippi reaffirmed its earlier holdings, stating:

"'The case of *Lee v. State*, 242 Miss. 97, 134 So.2d 145 (1961), involved the same question as raised here. There we said:

"'"It is argued, however, that the prosecutrix had never seen the three persons who invaded her home prior to the date of the alleged crime, and since she had a pillow case tied over her head at the time the alleged crime was actually committed, the prosecutrix' identification of the appellant as one of the persons who actually ravished her was based entirely upon her recognition of his voice, and that such voice recognition testimony was insufficient to prove the identity of her attacker beyond a reasonable doubt and to a moral certainty.

"'"But the courts have generally held that testimony identifying the accused by recognition of his voice is direct evidence, and the weight to be given such testimony is a question of fact for the jury to determine. See Annotation—Identification of Accused by his Voice, 70 A.L.R.2d 995, 1012, and cases cited."'

"In *Martin v. State*, [100 Fla. 16,] 129 So. 112, 115 (Fla.1930), the Supreme Court of Florida stated the rule as follows:

"'This court has held that testimony is admissible to establish the identity of an accused even by one having heard his voice, and such evidence is not to be considered as circumstantial, but as direct and positive proof of a fact, and its probative value is a question for the jury.'

"See also *Alea v. State*, 265 So.2d 96 (Fla.Dist.Ct.App.1972).

"In *State v. Carcerano*, [238 Or. 208,] 390 P.2d 923 (1964), cert. den. 380 U.S. 923, 85 S.Ct. 921, 13 L.Ed.2d 807, the Supreme Court of Oregon held testimony identifying defendant through his physical features and more particularly through his voice was competent testimony and that its weight was for the jury to determine. That court also said:

"'We are aware of no reason for believing that a participant in a crime cannot be identified by one who saw the crime's commission, through his physical features, his attire, or his voice. If the alleged criminal was unusually short, tall, thin, overweight, or had a deformity, those features might attract attention. Voices differ and although the divergence between one voice and another may be slight, nevertheless, the person who receives a telephone call many times identifies the voice of the caller the moment it is heard. The sound of a voice, as it is broadcast by radio, may enable a listener to identify the speaker or singer.' Id., at page 927.

"It appears the general rule among other jurisdictions, as shown in 70 A.L.R.2d 1011, is that voice identification is direct, not circumstantial, evidence. The difference between recognition of a familiar voice and a voice heard only at the time of, and subsequent to, the offense goes to the weight and probative value of the voice identification testimony and, as such, is a fact for the determination of the trier of the facts.

"We hold the voice identification of the prosecutrix constituted direct evidence, thereby rendering a charge on circumstantial evidence unnecessary. To the extent that *Porter, Holland,* and *Waggoner* are in

conflict with this holding, they are expressly overruled.

"Grounds of error one and two are overruled.

■ "Appellant's third ground of error asserts a violation of appellant's constitutional right against self-incrimination when appellant was compelled to speak in the presence of the prosecutrix. The record shows that appellant, over objection, stated his name, age, address and educational level in front of the prosecutrix but out of the presence of the jury. As requested by appellant in his brief, we have reconsidered our holding in *Olson v. State,* [Tex.Cr.App.,] 484 S.W.2d 756 (Opinion on Appellant's Motion for Rehearing) and find the same to be sound. As this Court stated in *Moulton v. State,* [Tex.Cr.App.,] 486 S.W.2d 334, 337:

"'A handwriting exemplar in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside the protection of the Fifth Amendment to the Constitution of the United States, *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) and is outside the protection of Article I, Section 10 of the Constitution of this state, Vernon's Ann. St., *Olson v. State,* 484 S.W.2d 756 (Tex. Crim.App.1972).'

"Appellant's third ground of error is overruled.

■ "Appellant's final ground of error complains of the trial court's exclusion of the transcription of testimony of Dr. Leyva, a psychiatrist, given at a prior hearing to determine appellant's competency to stand trial. Appellant asserts this testimony was important to his defense of insanity at the instant trial.

"Appellant's grandmother testified as follows:

"'Q Do you know where Dr. Leyva is now?

"'A Well, he said he was going to Florida.

"'Q He no longer resides in Amarillo?

"'A No.

"'Q Have you been able to locate him?

"'A No.'

"This is the only testimony offered to show the unavailability of Dr. Leyva. We find this insufficient to establish that Dr. Leyva resided outside the state or was removed beyond the limits of the state. See Article 39.01, V.A.C.C.P.; *Anderson v. State,* [165 Tex.Cr.R. 525,] 309 S.W.2d 239. Cf. *Galvan v. State,* [Tex.Cr.App.,] 461 S.W.2d 396; *Webb v. State,* [160 Tex.Cr.R. 144,] 268 S.W.2d 136. We further note appellant failed to make an oath in compliance with Article 39.09, supra."

Finding no reversible error, the judgment is affirmed.

ROBERTS, Judge (dissenting).

Appellant was convicted of rape by force and threats under our former Penal Code. After finding the appellant guilty, the jury assessed his punishment at ten years.

By his first two contentions, appellant urges that the trial court committed reversible error in failing to charge on the law of circumstantial evidence, despite the appellant's timely written objection to the court's charge. I believe the charge should have been given and that reversal is required.

The prosecutrix was alone in her trailer asleep during the early morning hours of April 20, 1973, when she was awakened and forced at knifepoint to submit to several acts of sexual intercourse. The prosecutrix testified that her vision was extremely poor and that her attacker was wearing ladies' hose over his face when he first accosted her. Shortly thereafter, the prosecutrix was blindfolded. As a result, the prosecutrix was totally unable to identify the appellant as her assailant.

The prosecutrix did identify the appellant's voice as being that of the man who raped her. However, the only other evidence connecting the appellant to the offense was purely circumstantial: Events from the appellant's past were shown to be very similar to the autobiographical details

which the assailant narrated to the prosecutrix at the time of the offense.

The issue then is whether voice identification is direct or circumstantial evidence, for if it is not direct evidence, the trial court erred in failing to charge on circumstantial evidence.

The distinction between direct and circumstantial evidence is that the former directly demonstrates the ultimate fact to be proved, while the latter is direct proof of a secondary fact which, by logical inference, demonstrates the ultimate fact to be proved. *Crawford v. State,* 502 S.W.2d 768 (Tex.Cr.App.1973), and cases there cited. The test is not whether the evidence is more or less probative, or even conclusive, but whether it applies directly or inferentially to the main fact to be proved. See 2 C. McCormick & R. Ray, Texas Law of Evidence, Sec. 1481 (2d Ed. 1956).

Thus, for over 35 years this Court has held that fingerprint identification is of great probative value, *Grice v. State,* 142 Tex.Cr.R. 4, 151 S.W.2d 211 (1941), yet it amounts to direct evidence only in a very narrow class of cases. *Eiland v. State,* 509 S.W.2d 596 (Tex.Cr.App.1974).

Voice identification, like evidence of fingerprint comparisons, fits readily within the classic definition of circumstantial evidence: First, one proves that the voices sound alike; then one logically infers from the seeming identity of voices that the person with the unknown voice is the same person whose voice is known and identified. Here it should be emphasized that the prosecutrix was totally unfamiliar with the voice of her assailant (and the voice of the appellant) until the offense occurred; this is comparable to the situation which exists with regard to fingerprint comparisons, where the fingerprint which is "lifted" is an unknown factor until it is compared to the known fingerprint of an individual.

In *Porter v. State,* 50 S.W. 380 (Tex.Cr.App.1899), this Court indicated that a voice identification like the one in this case is circumstantial evidence. The United States Court of Appeals for the Seventh Circuit reached a similar conclusion in *United States v. Zweig,* 467 F.2d 1217 (1972), cert. den. 409 U.S. 1111, [93 S.Ct. 921, 34 L.Ed.2d 692] (1973).

A charge on circumstantial evidence should have been given. The failure to do so was reversible error.