Jessie W. FRAZIER, Appellant,

v.

The STATE of Texas, Appellee.

No. 54797.

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 13, 1978.

Rehearing En Banc Denied Feb. 21, 1979.

E. K. Peticolas—on appeal only—El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Thomas C. Roepke, Asst. Dist. Atty., El Paso, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery. Upon a plea of not guilty, appellant was convicted by a jury which assessed punishment at five years' imprisonment.

Appellant urges that the court erred in failing to include in its charge an instruction on the law of circumstantial evidence. We agree and reverse the judgment of conviction.

The record reflects that on March 29, 1976, at approximately 3:45 p. m., Louise Mireles was robbed while on duty as a store clerk at the Qik-N-Eze drive-in grocery in El Paso. Mireles testified that at the robber's command she placed in a brown paper sack all the money on hand which was a ten-dollar bill, fourteen one-dollar bills, a silver dollar and an unknown amount of mixed change; she surrendered the money-filled sack to the robber who then fled on foot. Because the robber wore a mask during the commission of the offense, Mireles could only describe him to police as a Negro male wearing a short-sleeve medium blue shirt and blue trousers; at no time did Mireles observe the robber's face.

The evidence further reflects that Officers Fishel and Wiles, within ten minutes after the offense had been reported, and

while en route to the scene, observed appellant approximately three-fourths of a mile from the store driving in the opposite direction. Wiles testified that he recognized the license number of appellant's car as the same as a car involved in another robbery under investigation. For this reason, the officers immediately began pursuit of appellant who, after engaging in several evasive maneuvers, was finally brought to a stop.

Appellant was then taken to the store where he was presented to Mireles for identification. Mireles was able only to identify appellant's shirt as the shirt worn by the robber; she also identified appellant as being the same height and weight as the robber.

A search of appellant's person at the police station revealed a brown paper sack containing a ten-dollar bill, fourteen one-dollar bills, a silver dollar and $11.45 in mixed change; also found on appellant's person was a pair of women's nylon hose which Mireles later identified as the "mask" worn by the robber.

The State initially contends that any error with respect to the court's charge was waived because appellant's objection to the charge did not satisfy the requirements of Article 36.14, Vernon's Ann. C.C.P.

Article 36.14, supra, provides that objections to the court's charge shall be presented in writing. Since September 1, 1975, this requirement may be satisfied by dictating objections to the court reporter in the presence and with consent of the court where the subsequent transcript is endorsed with the court's ruling and official signature. .

 Appellant, before the charge was read to the jury, in the presence and with consent of the court, dictated to the court reporter his objection to the court's failure to instruct the jury on the law of circumstantial evidence. In a signed, written order, the court directed that the reporter's notes reflecting appellant's objection and the court's ruling thereon be made part of the record. Furthermore, without objection

by the State, the entire record was approved by the court. We hold that appellant satisfied the requirements of Art. 36.14 and therefore properly preserved the error for review.

In addressing the merits of appellant's contention, the State argues that this is a direct evidence case, or, in the alternative, that the facts proven are in such "close juxtaposition" as to be equivalent of direct evidence of the main fact to be proved in this case—identity.

We have long adhered to the principle that a charge on circumstantial evidence is required only where the evidence of the main fact essential to guilt is purely and entirely circumstantial. See *Ransonette v. State*, 550 S.W.2d 36, 43 (Tex.Cr.App.1976), and authorities cited therein. And since the case of *Montgomery v. State*, 20 S.W. 926 (Tex.Cr.App.1893), this Court has sought to augment this well-settled principle by imposing what has come to be known as "the close juxtaposition rule," a flexible rule which basically dispenses with the necessity for a circumstantial evidence instruction where the facts proven are so closely related to the main fact essential to guilt so as to be the equivalent of direct testimony. See also *Riggins v. State*, 468 S.W.2d 841 (Tex.Cr.App.1971).

 Thus, when confronted with a proper request for an instruction on circumstantial evidence, a trial judge should ask the following two questions: (1) Is there any direct evidence of the main fact essential to guilt? (2) If no such direct evidence exists, are the proven facts so closely related to the main fact to be proved so as to be the equivalent of direct evidence? An instruction on circumstantial evidence is not required when *either* question can *clearly* be resolved in the affirmative. Hence, the better practice dictates that a properly requested instruction on circumstantial evidence should be given when *any* degree of doubt exists as to the proper resolution of these two questions.

 The distinction between direct and circumstantial evidence is that the former

directly demonstrates the ultimate fact to be proved, while the latter is direct proof of a secondary fact which, by logical inference, demonstrates the ultimate fact to be proved. *Crawford v. State*, 502 S.W.2d 768 (Tex.Cr.App.1973), and cases there cited. The test is not whether the evidence is more or less probative, or even conclusive, but whether it applies directly or inferentially to the main fact to be proved. See 2 McCormick & Ray, Texas Law of Evidence, Sec. 1481 (2d Ed. 1956). Stated another way, direct evidence is that which directly demonstrates the main fact to be proved, while circumstantial evidence is direct proof of a secondary fact which by logical inference demonstrates the main fact. *Crawford, supra. Eiland v. State*, 509 S.W.2d 596 (Tex.Cr.App.1974).

■ In the present case, identity is the main fact essential to guilt. Mireles testified that at no time did she observe the robber's face. Her identification of appellant was based primarily on the similarity in attire between appellant and the man who robbed her. Thus, the jury was relegated to the process of inference in resolving the issue of identity. Since there was no direct evidence on this issue, a charge on circumstantial evidence would have been appropriate. See *Grandison v. State*, 514 S.W.2d 763 (Tex.Cr.App.1974); *Eiland v. State*, 509 S.W.2d 596 (Tex.Cr.App.1974). Cf. *McInturf v. State*, 544 S.W.2d 417 (Tex. Cr.App.1976).

We next consider whether or not the facts proved were in such close relation to the main fact to be proved—identity—as to be equivalent to direct testimony of that fact. As was stated in dissent in *Riggins v. State*, 468 S.W.2d 841 (Tex.Cr.App.1971):

"There is a difference between facts being in such a juxtaposition to warrant an inference of guilt and facts being in such a juxtaposition as to be equivalent to direct testimony. The former, no matter how strong they are or how certain is the guilt of the accused, cannot justify a failure to charge on circumstantial evidence. The latter set of facts will occur only where the evidence is such that it is

logically and practically the virtual same thing as direct evidence of the factum probandum." Id. at 846.

In *Riggins v. State, supra*, the accused was found asleep in his car parked by the curb in front of a burglarized jewelry store with the stolen jewelry. No one saw him enter the store. Someone had vomited in the store's broken glass on the sidewalk and there was vomit in the car. Vomit also led to the car. The Court held that the facts proved were in such close juxtaposition, or in such close relation, to the breaking and entry as to be equivalent to direct evidence and a charge on circumstantial evidence was not required.

*Riggins, supra*, is distinguishable from the present case in that circumstances connecting the defendant with the breaking and entering were much stronger than those connecting appellant with the robbery in the present case. See and compare *Coleman v. State*, 530 S.W.2d 823 (Tex.Cr.App. 1975).

The State contends the facts of the present case are equivalent to direct testimony that appellant in fact committed the robbery, viz: (1) appellant attempted to evade officers who first observed him within ten minutes after the offense and approximately three-fourths of a mile away; (2) Mireles identified appellant's shirt as the same shirt worn by the man who robbed her; (3) Mireles testified that appellant was generally the same height and build as the man who robbed her; and (4) on appellant's person was found the recently stolen property and mask used to commit the offense.

■ While these circumstances may have been sufficient to support a finding of guilt, we hold that these facts clearly are not the equivalent of direct evidence of guilt. Even though the State's evidence may lead to the almost irresistible conclusion that appellant was guilty, and although the circumstances indicating guilt are compelling, if the case is based on inference and reasoning therefrom the court must charge on circumstantial evidence. *Draper v. State*, 513 S.W.2d 563, 565 (Tex.Cr.App.

1974). The court's failure to do so in the present case was reversible error.

The judgment is reversed and remanded.

ODOM, J., dissents.