**Gerald Dexter BURTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–81–00204–CR.**

Court of Appeals of Texas,
El Paso.

June 29, 1982.

Jay L. Nye, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., John P. Calhoun, Asst. Dist. Atty., El Paso, for appellee.

Before STEPHAN F. PRESLAR, C. J., and WARD and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is an appeal from a conviction of murder. The jury assessed punishment at 25 years confinement. We affirm.

At about 8:00 a. m. on June 17, 1980, a black male, later identified as Appellant, entered the GTE–Lenkurt plant. He was wearing a shoulder-length wig, blue jeans, a blue smock, and an employee identification badge. Appellant went to where Michael Wright, a plant employee, was bending over a reel of cable, fired three shots, striking and killing Wright. During the ensuing confusion, Appellant escaped through the dock area.

That same morning, the police went with Alita Williams, also a GTE employee, to the house she was sharing with Appellant, the deceased and another woman. The police found a box of 357 magnum shells, a woman's blue smock, and Alita William's employee identification badge, and arrested Appellant.

Appellant's three grounds of error assert, first, the admission of the evidence of the pretrial photographic lineup procedures, and subsequent in-court identification; next, failure to file written findings of fact and conclusions of law on the defense motion to suppress photo spread; and, finally, failure to charge on circumstantial evidence.

▮ In regard to the first ground, Appellant argues the pretrial photographic lineup was impermissibly suggestive and tainted the in-court identification. The two part test for a determination of this question is that, first, the photographic display itself must be impermissibly suggestive, and, next, it must give rise to a very substantial likelihood of irreparable misidentification. *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968); *Limuel v. State*, 568 S.W.2d 309, 312 (Tex.Cr.App.1978). In determining whether a photographic display is impermissibly suggestive, thus tainting the in-court identification, the court should examine the totality of the surrounding circumstances. Each case must be decided on its own facts. *Simmons v. United States, supra*, and *Limuel v. State, supra*.

The photographic lineup in the present case consisted of five pictures of black men relatively of the same age. All five pictures were the same size, had the same background, were all in black and white, all contained front and profile views, and portrayed individuals of the same general physical characteristics as Appellant. Appellant contends that his picture stands out because his hair is longer than that depicted in the other photographs, and because he is the only one not wearing a shirt.

In Appellant's photo, his hair appears no longer than that depicted in at least two of the other photographs. One of the other men is wearing only an open vest; one has his shirt partly unbuttoned; one open at the neck and another opened wide. It appears that each of the five photographs is sufficiently distinctive to attract the viewer's attention. Furthermore, the witnesses who identified Appellant's photograph had seen him wearing a smock. There is no particular reason why they should have been influenced by the fact that Appellant was not wearing a shirt when his picture was taken.

Two witnesses identified Appellant as the person who shot Michael Wright. Maria Velasques testified she first noticed Appellant when he was standing 7 or 8 feet away, and that Appellant looked right at her and she saw his face clearly. Her attention was drawn to Appellant shortly before the shooting because she thought he looked like a man, but he was dressed as a woman. Louis Winfeld testified that he got a look at Appellant's face for 3 to 5 seconds when the wig flew back to expose Appellant's profile.

Both of these witnesses stated that they were positive that Appellant was the gunman at the plant. Both identified Appellant's photograph the day of the murder. Neither witness identified anyone else, nor failed to identify Appellant. Winfeld further testified that his identification was based on seeing Appellant at the plant, not on the pretrial photographic display.

We do not believe the pretrial identification was impermissibly suggestive. Even were it so, the in-court identification was admissible if it was independent of any pretrial lineup procedure. *Van Byrd v. State*, 605 S.W.2d 265, 269 (Tex.Cr.App. 1980); *Turner v. State*, 614 S.W.2d 144, 146 (Tex.Cr.App.1981). The facts previously related show the independent origin of the two witnesses' testimony that Appellant committed the murder. We hold that, based on the totality of circumstances, the pretrial identification was not impermissibly suggestive, and that it did not taint the in-court identification nor give rise to a substantial likelihood of irreparable misidentification. The evidence was properly admitted. Ground of Error No. One is overruled.

Next, we consider the failure of the trial court to file written findings of fact and conclusions of law on the hearing of the defense motion to suppress the photographic spread.

The hearing on the motion was conducted by the court during the course of the trial. Each identification witness testified outside the jury's presence in accordance with the written motion of the defense. In each instance, the trial court overruled Appellant's motion to suppress the identification testimony. The trial court's action in overruling the objection is tantamount to a finding of admissibility of the evidence as a fact. *Williams v. State*, 477 S.W.2d 885, 889 (Tex.Cr.App.1972); *Thompson v. State*, 480 S.W.2d 624, 628 (Tex.Cr.App.1972). No reversible error is indicated by the trial court's failure to make specific findings of fact. *Garcia v. State*, 563 S.W.2d 925, 929 (Tex.Cr.App.1978). Ground of Error No. Two is overruled.

Next, Appellant's contention that failure to charge on circumstantial evidence was error is without merit. Neither of the two identification witnesses saw Appellant shoot the victim. However, both testified that they heard the gunshots, and then saw Appellant facing the deceased. Winfeld saw the pistol still in the Appellant's hand. Several other employees in the plant did see the person wearing the wig fire at Wright.

Direct evidence directly demonstrates the ultimate fact to be proven; whereas circumstantial evidence is proof of a secondary fact which, by logical inference, shows existence of the ultimate fact. *Rodriguez v. State*, 617 S.W.2d 693, 694 (Tex. Cr.App.1981). An instruction on circumstantial evidence is required only when evidence of the main fact essential to establish guilt is purely and entirely circumstantial. *Id.* If there is direct evidence, or if the proven facts are so closely related to the ultimate facts constituting the offense so as to be tantamount to direct evidence, no circumstantial evidence charge is necessary. *Id.* at 694–695; *Frazier v. State*, 576 S.W.2d 617, 619 (Tex.Cr.App.1978).

No single witness saw Appellant's face and watched him kill Michael Wright. However, the only inference required is that the person seen shooting the victim was the same person the identification witness saw holding the gun. The facts proven are in such "close juxtaposition" to an eyewitness account of the murder that no circumstantial evidence charge was required. Appellant's third ground of error is overruled.

Finally, in a *pro se* brief, Appellant reurges the circumstantial evidence ground and raises several additional ones. These concern alleged irregularities in the indictment and the exclusion of certain evidence. These contentions have been examined and present no error. There are no defects in either the form or substance of the indictment, and the excluded evidence constituted hearsay. The *pro se* Grounds of Error Nos. One through Four are overruled.

The judgment is affirmed.