TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00489-CR







Darryl Michael Sibley, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-96-0150-S, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING







A jury found appellant guilty of delivering more than one but less than four grams of
cocaine. Tex. Health & Safety Code Ann. § 481.112 (West Supp. 1997). The jury assessed punishment,
enhanced by two previous felony convictions, at imprisonment for forty years.

Appellant sold 2.42 grams of cocaine to an undercover police officer. This transaction was
secretly recorded, and the recording was admitted in evidence and played for the jury. After the State
rested, defense counsel asked permission "to allow the Defendant to read one sentence from the transcript
of the tape to the jury for voice comparison, without him taking the stand and without waiving his right
against self-incrimination." The district court replied that it was "of the view that you cannot do that unless
you call him as a witness, in which case he will be subject to cross-examination." The court added, "I will
not allow you to simply say, here, read this, but you are not a witness." Appellant's first point of error is
that the court erred by refusing to allow him to demonstrate his voice without waiving his privilege against
self-incrimination.

Appellant first broached the subject of a voice demonstration when the State introduced
the recording. The court expressed the concern that "his voice in the courtroom and his voice on the tape
are not necessarily the same voice." In order to make the proposed comparison more accurate, the court
suggested with the prosecutor's agreement that the defense prepare and introduce a tape recording of
appellant speaking the words heard on the State's exhibit. The court stated, "I will have to truthfully say
a comparison of the tape versus the tape is a better comparison than a live voice versus a tape . . . ." The
possibility of making a tape recording of appellant's voice for comparison purposes was not mentioned
when appellant later requested to demonstrate his voice.

Compelling a criminal defendant to exhibit his person for observation does not violate the
Fifth Amendment privilege against self-incrimination because such conduct is not testimonial in nature. 
United States v. Wade, 388 U.S. 218, 222-23 (1967). Under this reasoning, a defendant may be
compelled to speak for the purpose of identification by a witness. Id.; McInturf v. State, 544 S.W.2d
417, 420 (Tex. Crim. App. 1976); Holder v. State, 837 S.W.2d 802, 805 (Tex. App.--Austin 1992,
pet. ref'd). Appellant argues this rule should work both ways, and that he should have been permitted,
without exposing himself to cross-examination, to read a portion of the transcription of the recorded
conversation so that the jury could determine whether his voice was heard on the recording. Appellant
refers us to no authority supporting his argument. We note, however, that other appellate courts have
assumed that if a defendant's proposed voice demonstration would be nontestimonial, the trial court could
permit the demonstration without submitting the defendant to cross-examination. See 1 John William
Strong, ed., McCormick on Evidence § 134 (1992) (citing cases).

Relevant evidence may be excluded if the court determines that its probative value is
substantially outweighed by the danger of misleading the jury. Tex. R. Crim. Evid. 403. To be admissible,
an experiment or demonstration must be conducted under conditions similar to the event to be duplicated. 
Cantu v. State, 738 S.W.2d 249, 255 (Tex. Crim. App. 1987); Lewis v. State, 933 S.W.2d 172, 176
(Tex. App.--Corpus Christi 1996, pet. ref'd). The admissibility of a demonstration is committed to the
discretion of the trial court, and we review its decision only for an abuse of discretion. Lewis, 933 S.W.2d
at 176. It is clear from the record that the district court excluded the proposed demonstration of
appellant's speaking voice for two reasons: (1) the absence of cross-examination and (2) the potential for
misleading the jury given the dissimilarity of conditions between the recording and a live demonstration in
the courtroom. Whatever the merits of the first reason, the second was a reasonable basis for disallowing
the proposed demonstration, and appellant does not persuade us that the court's ruling was an abuse of
its discretion in that respect. See Baker v. State, 879 S.W.2d 218, 220 (Tex. App.--Houston [14th
Dist.] 1994, pet. ref'd). Point of error one is overruled.

During the punishment phase of trial, the State introduced testimony regarding an
unadjudicated cocaine sale by appellant the day before the sale for which he was convicted. See Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 1997). As part of its proof of the unadjudicated
offense, the State offered two photographs of the cocaine taken by a police officer. In his second point
of error, appellant contends the district court erred by permitting the State to show photographs of the
cocaine rather than requiring it to produce the cocaine itself. At trial, appellant objected that "the best
evidence would be the actual . . . drugs." In his brief, he relies on Texas Rule of Criminal Evidence 1004.

There is no general doctrine that requires a party to produce the "best" or most primary
evidence that might be presented to prove any fact. 2 Steven Goode, Olin Guy Wellborn III & M. Michael
Sharlot, Guide to the Texas Rules of Evidence: Civil and Criminal § 1001.1 (Texas Practice 1993)
(hereafter "Texas Evidence"). The so-called "best evidence rule" was traditionally limited to proof of the
content of writings, and today also applies to proving the content of recordings and photographs. Id. As
a general rule, the original document is required to prove the content of a writing, recording, or photograph. 
Tex. R. Crim. Evid. 1002. Rule 1004, cited by appellant, details exceptions to this rule. Neither the best
evidence rule generally nor rule 1004 in particular is relevant to appellant's contention.

The photographs of the cocaine were an example of "reproduced real" evidence. Texas
Evidence § 401.5. If a verbal description would be admissible, a photograph depicting the same is
admissible. Martin v. State, 475 S.W.2d 265, 267 (Tex. Crim. App. 1972). Appellant does not
challenge the authentication of the photographs. No error is presented. Point of error two is overruled.

The judgment of conviction is affirmed.



 

 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: November 6, 1997

Do Not Publish



vation does not violate the
Fifth Amendment privilege against self-incrimination because such conduct is not testimonial in nature. 
United States v. Wade, 388 U.S. 218, 222-23 (1967). Under this reasoning, a defendant may be
compelled to speak for the purpose of identification by a witness. Id.; McInturf v. State, 544 S.W.2d
417, 420 (Tex. Crim. App. 1976); Holder v. State, 837 S.W.2d 802, 805 (Tex. App.--Austin 1992,
pet. ref'd). Appellant argues this rule should work both ways, and that he should have been permitted,
without exposing himself to cross-examination, to read a portion of the transcription of the recorded
conversation so that the jury could determine whether his voice was heard on the recording. Appellant
refers us to no authority supporting his argument. We note, however, that other appellate courts have
assumed that if a defendant's proposed voice demonstration would be nontestimonial, the trial court could
permit the demonstration without submitting the defendant to cross-examination. See 1 John William
Strong, ed., McCormick on Evidence § 134 (1992) (citing cases).

Relevant evidence may be excluded if the court determines that its probative value is
substantially outweighed by the danger of misleading the jury. Tex. R. Crim. Evid. 403. To be admissible,
an experiment or demonstration must be conducted under conditions similar to the event to be duplicated. 
Cantu v. State, 738 S.W.2d 249, 255 (Tex. Crim. App. 1987); Lewis v. State, 933 S.W.2d 172, 176
(Tex