F. M. Davis v. The State.

No. 17314. Delivered March 27, 1935.

The opinion states the case.

*Ned Elnor Moore* and *De Witt Bowmer,* both of Temple, for appellant.

*Henry Taylor,* Dist. Atty., of Temple, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for robbery; punishment, five years in the penitentiary.

We do not think there is anything in appellant's contention that the indictment in this case is duplicitous, or that it charges separate and distinct offenses. Green v. State, 66 Texas Crim. Rep., 446; Lay v. State, 82 Texas Crim. Rep., 202; Crouch v. State, 87 Texas Crim. Rep., 115. Nor do we think there is any substance in appellant's complaint of the testimony of the injured party Cale to the effect that while he did not identify or recognize appellant on the night of the alleged robbery, still he does identify him upon this trial by his appearance and his voice. We do not think the cases cited by appellant, to-wit: Sweat v. State, 178 S. W., 554, and Clark v. State, 183 S. W., 437, are applicable. In Sweat's case the witness did not undertake to identify the accused either at the time of the occurrence or at the time of trial, but said "It ran in my mind that it was Troy." This court said if he could not identify the man, what might have been in his mind was inadmissible. In Clark's case it is certfied that the trial court heard evidence from which he was clearly authorized to conclude that the objectionable identification was reached by a process of reasoning from what the witness afterward heard,—and not from what he knew at the time. With what is said approving the rejection of an indentification based solely on what the witness has heard after or before the occurrence involved,—we agree, but it is a matter of too common experience and knowledge for men to meet and not be able at once to recognize or identify each or the other,— who later do so with as much positiveness and certainty as if

the recognition had been immediate,—for us to assent to any announcement of a fixed rule, which might be construed as rejection of recognition and identification which came from the exercise of the memory or reason after the meeting or occurrence was passed. The rule regarding identification such as here involved, seems more in line with what we said in Hodges v. State, 71 S. W. (2d) 520.

Appellant has a bill of exception complaining of the reception of the testimony of the witness Vernon Davis. The bill recites that appellant introduced his wife as a witness in his behalf, and that she testified to many strange and unaccountable incidents occurring during several months preceding the alleged robbery, from which she reached the conclusion that appellant's mind was affected. Among others, she testified that while appellant was engaged one afternoon at some work around the place, he got in his car and drove away, having on only his undershirt and work clothes, and that he said nothing to her about where he was going, and that she supposed he would be back in a short time. She testified that on the next day he called her up from Hugo, Oklahoma, and that she told him to come on home, and when he came home he had his car loaded with pumpkins, for which they had no use and which they did not try to sell. Said bill further sets out that while Vernon Davis was on the stand he was asked, and testified over objections, if Mrs. F. M. Davis, appellant's wife, had not told this witness that the reason her husband left home on the occasion above referred to when he went to Oklahoma, was because they had a fuss. This was objected to as hearsay, and as compelling the wife to give testimony against her husband, etc., etc. It is clearly made to appear that no predicate was laid by any question asked Mrs. Davis, wife of appellant, while she was on the witness stand for any impeachment of her by the testimony of Vernon Davis above set out. It is equally clear that the testimony of Vernon Davis was hearsay, and we see no sound reason in law for its admission. That it was very hurtful to appellant is also plain. Appellant's wife was one of his strongest witnesses in support of his defense of insanity, she testifying to many and numerous occurrences covering a period of a year or more before the alleged robbery, which incidents and occurrences were unusual and appear abnormal, and if true and believed by the jury would have quite a tendency to lead them to believe that appellant's mind was unsettled and unbalanced at the time of this robbery.

The case is evidently an unusual one. Appellant had lived

for many years in the city of Temple, was a highly respected citizen, night-yard master of the Santa Fe Railway Company, drawing a good salary, and having a good reputation, to which many people testified. He is charged with the robbery of a man who appears to have been a friend of appellant, in whose home appellant had lived, and who was perfectly well known to him. According to this witness, he drove to his garage one night shortly after dark, and when he drove in a man wearing green glasses presented a flash light and a pistol, and ordered him to get up against the wall and turn his back, and said man was engaged in the act of taking a pocketbook containing $420.00 from the pocket of said witness when the latter thought he saw an opening when his assailant was not watching, and he grappled with the assailant who, in the struggle, lost his pistol and flash light and dropped the money and ran away. Mr. Cale testified his assailant was this appellant. The pistol used by the assailant was identified as one belonging to appellant. In the struggle part of the clothing was torn from the person of the alleged robber, and later garments were found in appellant's home into which the torn pieces fitted. As above stated, the proof shows without contradiction that appellant was a man of good reputation, and that he was getting a good salary, and the only defense interposed in his behalf was that of insanity. His wife being his most material witness, the error of letting the State impeach her without laying any predicate therefor by the testimony of Vernon Davis,—was capable of great harm.

For the error of the reception of said testimony, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*