CARL IVEY V. STATE.

No. 24029. May 5, 1948.
Rehearing Denied June 23, 1948.

Hon. L. B. Hightower, Judge Presiding.

*W. J. Baldwin,* of Beaumont, for appellant.

*Jep S. Fuller,* County Attorney, and *Joe B. Goodwin,* Assistant County Attorney, both of Beaumont, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The appellant was convicted of the offense of aggravated assault and battery, and his punishment was assessed at a fine of Twenty-five Dollars and confinement in the county jail for a period of two years. From said judgment of conviction, he prosecutes this appeal.

His first complaint relates to the court's action in overruling his motion to quash the complaint and information on the ground that the means with which the alleged assault was committed is not set forth therein. The complaint as well as the information charges that the means employed with which the assault was committed was unknown to affiant. This, in our opinion, was sufficient.

By Bill of Exception No. 1 he complains because the state was permitted to prove by Edward H. Hargraves, the alleged injured party, that just preceding the alleged assault, appellant was making a motion of thumbing his nose like this (demonstrating) and after completing the demonstration stated that it meant shadow boxing. Appellant objected to all of the testimony on the ground that the witness was giving his opinion. The fact that the witness said that appellant was thumbing his nose and demonstrating just how he, appellant, did it was not an opinion, nor was the fact that he said it meant shadow boxing an expression of an opinion. If the witness knew it meant

shadow boxing, as his testimony indicated, it was not the expression of an opinion. Signals, as a rule, mean something and a party who understands the meaning of a signal may state the meaning thereof. This would not be an expression of an opinion.

Bill of Exception No. 2 is, in our opinion, deficient in that it does not set out sufficient facts so as to negative the presumption that the court ruled correctly with respect to the matter complained of. See Tex. Jur., Vol. 4, page 295, Sec. 207.

By Bill of Exception No. 3, he complains because the court declined to peremptorily instruct the jury to acquit him. The court's ruling in this respect was eminently correct.

Bill of Exception No. 4 reflects the following occurrence: Appellant, while testifying in his own behalf, was asked by his counsel what his physical condition was to which he, appellant, replied that he was subject to epileptic fits. Thereafter, the state, in surrebuttal, called one Sam Messina as a witness and elicited from him the fact that he knew the defendant, Carl Ivey; that he had known him for three years, ever since Ivey hit him with a pair of brass knucks at the American Legion Hall in Port Arthur; that after he was hit with the brass knucks, he had a two-inch gash in the head which required thirty stitches; that his leg was broken by the defendant in that assault; that as a result of the injury inflicted upon him he was confined in a hospital for seven days; that the trouble started when defendant asked the witness to loan him Five Dollars which the witness declined to do; that the defendant, Ivey, called him a liar and the fight started with the result as above stated. Appellant objected to this testimony on various grounds. The court qualified the bill and in his qualification states that appellant testified that he was given a medical discharge from the Navy. The attorney for the defendant then explained to the court, in the presence of the jury, that such testimony was offered for the purpose of showing that the defendant was not physically strong. Thereupon, the court admitted the testimony of the witness, Sam Messina, as hereinabove set out in view of the statement and reasoning by defendant's attorney and for the reason of contradicting the defendant by showing his ability to fight, what he was capable of doing, and what he had done. Appellant accepted the bill as qualified and is bound thereby. Furthermore, if it was his purpose to prove by said evidence his disability to fight and to inflict such injuries as the party sustained on the night in question, then the testimony objected to became relevant on that issue.

Appellant presented two defenses, first, that he did not strike the injured party, and second, that by reason of his physical condition, he was incapable of inflicting such injuries as the injured party received. Therefore, the state was authorized to show how bad he had beaten Messina to refute his contention.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing, appellant seriously contends that we erred in our original opinion in holding the evidence complained of in Bill of Exception No. 4 admissible over his objection that it showed an extraneous offense; that it was irrelevant, immaterial, and not admissible for any purpose. In our original opinion, we not only set forth the evidence complained of, the objection urged thereto, the court's qualification of the bill, but also our reasons for holding that the evidence became admissible when he proved that he was discharged from the Navy because he was subject to epileptic fits; that he was not physically strong, thereby seeking to strengthen his defensive theory that he did not strike Hargrave because he was physically incapable of inflicting such wounds as Hargraves received at the time and place in question. The state, for the purpose of showing the improbability of his defensive theory, introduced the evidence complained of. Under such a state of facts, the evidence became admissible notwithstanding it tended to show an extraneous offense. Of course, the evidence was not admissible for the purpose of impeachment, or showing intent, identity, etc. We did not base our opinion holding it admissible upon any such theory. One of the best-known exceptions to the rule against proving extraneous crimes is that any competent evidence which tends to defeat the defense urged is admissible though it tends to show another offense.

Being convinced that the question was properly disposed of in our original disposition of the case, the motion for rehearing is overruled.