Joseph Earl **WHITE**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 38086.

Court of Criminal Appeals of Texas.

April 21, 1965.

Flowers & McManus, by Thomas D. McManus, Channelview, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Ripley E. Woodard, Jr., and Gerald Applewhite, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, three days and a fine of $50.00.

Highway Patrolman Wilson testified that while parked on the shoulder of a Harris

**304**

County highway at 7:50 p. m. on the night in question an automobile drove off the main traveled portion of the roadway onto the shoulder and passed within two feet of his patrol car, that he gave chase and observed such automobile "weaving very badly" from one lane to the other and off on the shoulder of the road. When he brought the automobile to a halt he observed the appellant, the only occupant, who "staggered quite badly" and smelled of an alcoholic beverage and expressed the opinion that he was intoxicated. He took a specimen of appellant's urine, re-sealed the container, placed his initials thereon and placed it in the chemist's locked box at his headquarters.

Chemist Brabham testified that he ran a test on such specimen and found it to contain .27 per cent alcohol, which was definitely indicative of intoxication.

Appellant called the witness Rogers who testified that he had spent approximately an hour with appellant at a drive-in in Beaumont, during which time appellant drank only one beer and stated that when appellant left him at approximately 4:30 p. m. appellant was not intoxicated.

Appellant's witness Adams testified that he visited with appellant at a cafe in Liberty between the hours of five and six p. m. on the day in question and stated that in his opinion appellant was not intoxicated.

Appellant, testifying in his own behalf, admitted drinking one beer at Beaumont and purchasing another at a barbeque stand which he had not completed drinking at the time of his arrest. He denied that he was intoxicated or that he had driven off the shoulder of the highway.

The jury resolved this conflict in the evidence against appellant, and we find the evidence sufficient to support the conviction.

The sole question presented for review is the contention that the State did not properly establish the chain of custody as to the urine specimen. As is shown above, Patrolman Wilson testified that he placed the specimen in the chemist's locked box at headquarters from which Chemist Brabham took the specimen and then made his test. We need not detail the evidence further adduced, because when Brabham testified as to the results of the test 'no objection was made to such testimony. In Bratton v. State, 171 Tex.Cr.R. 515, 352 S.W.2d 121, we held that failure to object to the results of an intoximeter test waived any error as to the manner of proof. See also Schultz v. State, Tex.Cr.App., 367 S.W.2d 688.

Finding no reversible error appearing, the judgment is affirmed.