Curtis William WATTS, Appellant,

v.

The STATE of Texas, Appellee.

No. 39775.

Court of Criminal Appeals of Texas.

Nov. 9, 1966.

Paul W. Wisdom, Jr. (Court-appointed on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., Kenneth Blassingame, Mike Everett, W. John Allison, Jr., and Kerry P. Fitzgerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Judge.

The offense is rape; the punishment, life.

Trial was had and notice of appeal perfected prior to January 1, 1966.

The prosecutrix, a 27 year old secretary, housewife and mother of two children aged 2 and 6, identified appellant as the family friend who, after a telephone conversation in which he was informed that her husband, who often worked at night, was not at home, forced his way into her apartment and with a pistol pointed toward her and against her head forced her to have sexual relations with him.

Appellant testified that he was at his home in another section of Dallas at the time in question and denied that he committed the offense. His defense of alibi was corroborated to some extent by the testimony of his six year old son.

The testimony of the prosecutrix as to appellant's presence at her apartment was corroborated by testimony to the effect that fingerprints identical to those of appellant were found on the light bulb directly outside the back door of the apartment. The prosecutrix testified that she had left this light burning for her husband. When the officers arrived the bulb was loose in the socket and the light was not burning.

Appellant claims fundamental error in that the prosecution brought out facts which were not related to and shed no light on the criminal act charged and did so only because such facts were inflammatory and prejudicial. The complaint relates to proof of the fact that appellant, a colored man, had attended a recently integrated university, attended by both white and colored men and women; and the fact that appellant had been married three times.

In the absence of objection to the admission of such evidence, there is nothing before us for review in this regard. Bratton v. State, 171 Tex.Cr.R. 515, 352 S.W.2d 121, and cases cited in Texas Digest under Criminal Law ☞1036(1).

Appellant's remaining proposition of law is predicated upon the claim that the identification of the appellant by the prosecutrix was not positive because her assailant's face was covered at all times while he was in the apartment, and her identification of appellant as the person who raped her was based only upon her acquaintance with him; knowing and recognizing his voice; the way he spoke to her; the manner in which he walked when approaching her; his size and the skin complexion of his arms and hands. For these reasons it is argued that the testimony upon which the state relied for conviction was obviously weak, and the failure of the state to introduce or satisfactorily account for its failure to introduce evidence shown to be available which would throw light on the question of appellant's guilt was reversible error.

Appellant relies upon Ramirez v. State, 163 Tex.Cr.R. 109, 289 S.W.2d 251, 261; Vasquez v. State, 145 Tex.Cr.R. 376, 167 S.W.2d 1030, and Buford v. State, 112 Tex. Cr.R. 593, 17 S.W.2d 1072.

The rule which appellant seeks to invoke applies only in circumstantial evidence cases, and then only where the state's evidence is "obviously weak." Headley v. State, Tex.Cr.App., 386 S.W.2d 290; Bailey v. State, Tex.Cr.App., 385 S.W.2d 241, and cases cited.

The prosecutrix' testimony that she was familiar with appellant's voice and recognized it was direct evidence. Ramon v. State, 162 Tex.Cr.R. 365, 285 S.W.2d 225; Davis v. State, 128 Tex.Cr.R. 226, 81 S.W 2d 73.

The evidence being neither circumstantial nor weak, the rule relied upon by appellant has no application.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.