Oscar **HERNANDEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 50256.

Court of Criminal Appeals of Texas.

Feb. 11, 1976.

Eduardo Roberto Rodriguez, Brownsville, for appellant.

Fred Galindo, Dist. Atty., Peter C. Gilman, Asst. Dist. Atty., Brownsville, and Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of sexual abuse of a child, a violation of V.T.C.A. Penal Code, Sec. 21.10; the punishment is imprisonment for 5 years.

The appellant presents one ground of error. It is:

"The trial court erred in allowing the State to question the defendant about alleged prior criminal acts without the requisite showing of relevance in time, character or identity with the offense at bar, thus prejudicing the right of the defendant to a fair trial."

On June 12, 1974, Evangelina C___ came from Matamoros, Mexico, to Brownsville to wash some clothes at a washateria. She was accompanied by her young son and the complainant, a nine year old neighbor girl. Mrs. C___ testified that the appellant stopped them on a Brownsville street, "flashed" an identification card, told them he was an immigration official, and asked to see their border crossing papers. The appellant examined their papers and told them that the young girl's papers were not complete. He then took all of their papers saying he would "check them at immigration." He told Mrs. C___ to do her washing and then to meet him at the intersection of 14th and Monroe streets at 9:30 p. m. when he would return the papers. The appellant met them at the appointed time and place; he stated that since the young girl's papers were not in proper order they would have to go with him and Mrs. C___ would have to sign a paper. Mrs. C___ and the children, under a threat that he would take them to jail if they did not go with him, got into the appellant's automobile to go sign the paper. The appellant drove through some dark streets that were not familiar to Mrs. C___. They were taken to a house which was shown at the trial to be the appellant's house. There the appellant committed the offense for which he has been convicted; he also compelled Mrs. C___ to have a sexual act with him.

The appellant testified in his own behalf. His version of the facts, not believed by the jury, was quite different than those testified to by Mrs. C___ and the young girl. He testified that he did not commit the alleged act with the young girl; he said that a consensual agreement was made between him and Mrs. C___ for her sexual favors on the night in question and also for the next Saturday evening. He denied the truth of the testimony that he posed as an immigration official or that he took the border crossing papers. He said he had never done such a thing at any time. He also testified that he believed someone "out there wanted to do me something," and

that by out there he meant someone in Mexico. He intimated that "someone" had used this woman to "get" him.

 Since the appellant in his defense denied that he had approached Mrs. C____ and the children posing as an immigration official, it was permissible for the State to rebut his defensive theory by showing he had on another occasion employed the same methods to take advantage of another person found in circumstances similar to those of Mrs. C____ and the children. Presiding Judge Hawkins on motion for rehearing in *Ivey v. State,* 152 Tex.Cr.R. 206, 212 S.W.2d 146 (1948), explained the rule applicable:

". . . The state, for the purpose of showing the improbability of [defendant's] defensive theory, introduced the evidence complained of. Under such a state of facts, the evidence became admissible notwithstanding it tended to show an extraneous offense. Of course, the evidence was not admissible for the purpose of impeachment, or showing intent, identity, etc. We did not base our opinion holding it admissible upon any such theory. One of the best-known exceptions to the rule against proving extraneous crimes is that any competent evidence which tends to defeat the defense urged is admissible though it tends to show another offense."

It was proper for the prosecutor to cross-examine the appellant about a similar prior incident when he posed as an immigration officer to take advantage of a young woman, if the cross-examination was done in good faith based on information known to the prosecutor. Even though the appellant did not admit to the truth of the prior incident, it would not be necessary for the prosecutor to prove up by other witnesses the facts upon which he based his cross-examination.

 The burden was on the appellant to show if he could that the prosecutor's cross-examination was done in bad faith. See *Keel v. State,* 434 S.W.2d 687 (Tex.Cr.App. 1968); *Alexander v. State,* 476 S.W.2d 10

(Tex.Cr.App.1972); *Solis v. State,* 492 S.W.2d 561 (Tex.Cr.App.1973). Here the appellant did not even attempt to show that the prosecutor had no basis for the questions he propounded in cross-examination of the appellant. No error has been shown; the ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.