**Ricky TAYLOR, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–117–CR.**

Court of Appeals of Texas, Forth Worth.

April 28, 1982.

Discretionary Review Granted July 21, 1982.

Ward Casey, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and M. Eugene Grant, Jr., Asst. Dist. Atty., Fort Worth, for the State.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION

HUGHES, Justice.

Ricky Taylor has appealed his conviction of the offense of aggravated robbery. The jury assessed his punishment at confinement in the Texas Department of Corrections for 28 years.

We affirm the judgment of the trial court.

The aggravated robbery with which the appellant was charged took place at a Pizza Inn. It was committed by two men wearing hose stockings over their heads and faces. One of the men displayed a gun. The robber with the gun was allegedly the appellant. The gunman held the members of the restaurant staff at gunpoint and ordered the assistant manager to retrieve all the money to be found. The assistant manager placed the money in a bag and handed it to the gunman's accomplice. After being convinced that there was no more money to be had, the robbers exited through the front door.

Sometime during the robbery the restaurant's silent alarm to the police station was

triggered. Two police officers responded to the alarm and arrived at the restaurant in time to observe the robbers make their exit from the restaurant. The officers identified themselves as policemen and ordered the robbers to stop. After observing the gunman raise his pistol and point it in their direction, the officers fired their weapons at the gunman. The gunman was observed to have "gone down" near a vehicle parked in front of the restaurant while his accomplice rounded the west front corner of the restaurant in effecting his ultimate escape.

One of the officers, Officer Tisdale, then went to the corner of the building the accomplice had rounded and observed the accomplice stumble into the darkness. He then looked back around the corner toward the front of the building and observed a man, who was later identified as the appellant, waving at him from under a car. Tisdale then ordered the appellant to get out from under the car. The other officer, Officer Turner, then approached the appellant from behind, placed a gun behind his head, and told him not to move. Tisdale then removed a cocked pistol from the appellant's right hand. The officers handcuffed the appellant and laid him down on his stomach upon the sidewalk in front of the restaurant. A hose stocking was found laying on the sidewalk in front of the restaurant.

The appellant's first two grounds of error go directly to whether the evidence was sufficient to support conviction. He contends that the circumstantial evidence was insufficient to exclude every other hypothesis but appellant's guilt.

█ In reviewing grounds of error involving the sufficiency of the evidence "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt". *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560, 573 (1979).

█ The crucial inquiry under the facts of this case was the identification of the appellant as the offender. Inasmuch as the robbers wore stocking masks, facial identification was virtually impossible. When the appellant was arrested he was wearing a white sleeveless shirt which had dark colored patterns on it.

The assistant manager of the restaurant testified that at the time of the robbery, the gunman was wearing blue jeans and a white western type shirt with little brown stripes. He could not remember whether the shirt was sleeveless but testified it was short sleeved. He further testified that the handcuffed man laying on the sidewalk in front of the restaurant was dressed in the same manner as the gunman who had participated in the robbery except for the fact that the man laying on the sidewalk was not wearing a stocking mask. He also identified the clothing worn by the appellant in a police photograph as appearing to be the same clothing worn by the gunman who participated in the robbery. To him the gun removed from appellant's person appeared to be the same weapon which was used in the robbery.

Officer Turner testified that the gunman he observed exiting the restaurant was wearing a white sleeveless western shirt with a green or turquoise pattern. He saw the gunman point a pistol in his direction and fall to the concrete after shots had been fired in his direction.

Officer Tisdale testified that the gunman was wearing a sleeveless white colored shirt. He also observed the gunman go down in front of one of the vehicles parked in front of the restaurant when shots were fired in his direction.

Both Officers Turner and Tisdale testified that the robbers were fleeing toward the western side of the restaurant building as they made their exit. The officers asked all employees and customers of the restaurant about an automobile which was discovered in the western section of the restaurant parking lot. After doing so, Officer Tisdale looked inside the automobile and discovered a driver's license issued to the appellant and a panty hose package.

We hold that the evidence was sufficient to support appellant's conviction. The first two grounds of error are overruled.

The third ground of error is that the circumstantial evidence was insufficient because the State failed to call a certain material witness or satisfactorily account for its failure to do so. Appellant's defense was that he was at the restaurant to pick up a call-in order of pizza. The material witness the appellant refers to is Jeff Spivey, who was responsible for filling to-go orders and collecting money from the customers. Apparently Spivey could have testified as to whether a call-in order submitted by appellant was not picked up. The jury might or might not have accorded such testimony much weight. In any event, the rule appellant seeks to invoke applies only in circumstantial evidence cases, and then only where the State's evidence is "obviously weak". *Watts v. State*, 408 S.W.2d 106, 107 (Tex.Cr.App.1966). Under our facts, not only is the evidence direct, it is overwhelming. The third ground of error is overruled.

By his fourth ground of error the appellant asserts that the trial court erred in denying his motion for mistrial after the prosecutor improperly injected appellant's criminal record in the guilt-innocence phase of the trial by exhibiting appellant's "penitentiary packet" in the presence of the jury. There is nothing in the record showing that the jurors saw the "penitentiary packet" or knew what it was. Nothing is presented for review. *Thomas v. State*, 451 S.W.2d 907 (Tex.Cr.App.1970). The fourth ground of error is overruled.

During the punishment stage of appellant's trial the appellant admitted that at one time he was addicted to heroin. However, he denied having been addicted to heroin since he was imprisoned for offenses of which he had previously been convicted. The prosecutor then showed him a vinyl packet containing a hypodermic syringe, a bottle cap (a "cooker") and cotton. This packet and the items therein had allegedly been found in his automobile. He denied having ever seen these items.

Appellant's fifth through ninth grounds of error relate to appellant's assertion that by admitting these items the trial court improperly admitted evidence of an extraneous offense. He further contends that if these items were properly admissible, the jury should have been limited in its consideration of them as evidence.

The items in the vinyl packet were introduced to rebut the appellant's denial that he was a heroin addict. Whether appellant was a heroin addict was relevant to the jury's consideration of punishment. Inasmuch as possession of the items in the packet tended to rebut appellant's contention that he was no longer addicted to heroin, we hold that they were not rendered inadmissible merely because the jury may have been given the incidental impression that appellant was guilty of another crime. See: *Williams v. State*, 481 S.W.2d 815 (Tex.Cr.App.1972); *Ivey v. State*, 152 Tex.Cr.R. 206, 212 S.W.2d 146 (1948). There is no need to limit the jury's consideration of rebuttal evidence which incidentally indicates the commission of an extraneous offense. *Ruiz v. State*, 523 S.W.2d 691 (Tex.Cr.App.1975). We overrule the fifth through ninth grounds of error.

Finally, the appellant contends that he was a victim of prosecutorial misconduct that deprived him of an essentially fair trial and due process of law. Appellant relies on the case of *Wright v. State*, 609 S.W.2d 801 (Tex.Cr.App.1980). In *Wright* the court reversed a conviction because the record reflected a course of conduct by the prosecutors which was obviously calculated to inflame and prejudice the minds of the jurors. Such is not the case here. This ground of error is overruled.

The judgment of the trial court is affirmed.