TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00074-CR







Anh Tuan Hoang, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0935515, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING








 Anh Tuan Hoang appeals from his conviction for the offense of murder. Tex.
Penal Code Ann. § 19.02 (West 1994). The convicting jury also found that appellant used a
firearm, a deadly weapon, in committing the murder and assessed his punishment at imprisonment
for thirty-five years. Appellant asserts that the trial court erroneously admitted evidence of an
extraneous offense and refused to instruct the jury on appellant's right to defend a third person. 
We will affirm the judgment of conviction.

 In his first point of error, appellant urges that the trial court erred in admitting
testimony of a prior extraneous offense because that testimony was irrelevant, was impermissible
character evidence, and created a substantial likelihood of confusion and unfair prejudice.
Admissibility of evidence of an extraneous offense is governed by the Rules of Criminal Evidence. 
All relevant evidence is admissible unless otherwise provided by the constitution, statute, or rules. 
Tex. R. Crim. Evid. 402. Relevant evidence is that having a tendency to make the existence of
any fact of consequence to the determination of the action more probable or less probable than it
would be without the evidence. Tex. R. Crim. Evid. 401. Even though relevant, evidence may
be excluded if its probative value is substantially outweighed by the danger of unfair prejudice,
or if it will mislead the jury, cause confusion of the issues, undue delay, or needless presentation
of cumulative evidence. Tex. R. Crim. Evid. 403.

 Evidence that appellant committed other crimes, wrongs, or acts may be admitted
if it has relevance apart from its tendency to prove appellant's character and that he acted in
conformity therewith. Tex. R. Crim. Evid. 404(b); Montgomery v. State, 810 S.W.2d 372, 387
(Tex. Crim. App. 1990) (op. on reh'g). Such evidence is admissible subject to the trial court's
discretion to exclude it if its probative value is substantially outweighed by the danger of unfair
prejudice. Tex. R. Crim. Evid. 403; Montgomery, 810 S.W.2d at 387. If the trial court operates
within the boundaries of its discretion, an appellate court should not disturb the trial court's
decision. Montgomery, 810 S.W.2d at 390.

 The Court of Criminal Appeals' most recent pronouncement on these rules of
criminal evidence is that while evidence introduced solely to show character conformity is
inadmissible, evidence that (1) is introduced for a purpose other than character conformity, (2)
has relevance to a "fact of consequence" in the case, and (3) remains free of any other
constitutional or statutory prohibitions, is admissible. Rankin v. State, No. 374-94, slip op. at 2
(Tex. Crim. App. April 10, 1996). "When the admission of relevant evidence stands unobstructed
by a constitution, statute, or rule, then the judge must allow it in." Rankin, No. 374-94, slip op.
at 2.

 Late at night, appellant and several other young people, while under the influence
of lysergic acid diethylamide, were gathered on an apartment complex parking lot. The murder
victim returned to his apartment and found a car belonging to one of the young people parked in
his assigned space. There was a brief verbal confrontation between the victim and one of the
group, and appellant intervened, striking the victim with his fist. The victim retreated toward his
car. Appellant ran to another car. A witness testified, "when I glanced over there," at the car
toward which appellant ran, "I saw a gun barrel pointing out from the door and [appellant's] foot
was on the ground." The witness heard four shots. The fatal shot struck the victim in the back
of the head, and another shot struck him in the back. An expert witness identified the bullet that
had been removed from the victim's body as a bullet that had been fired from a 9mm handgun. 
The murder weapon was not offered in evidence. Over objections, evidence was admitted that
five or six weeks before the murder, in the presence of others, appellant possessed, exhibited, and
fired a 9mm "silver" handgun.

 Appellant first argues that the testimony showing the extraneous offense that
occurred five or six weeks before the murder was irrelevant to the case on trial because that
testimony was in no way connected and thus had no tendency to make an essential fact more or
less probable. He insists that any connection between the murder and his possession of a 9mm
"silver" handgun five or six weeks before the night of the murder is superficial, and he contends
evidence of the earlier offense is not relevant because the time lapse is too great and there is no
evidence the weapon he used the night of the murder was "silver." Appellant says that Cooks v.
State, 844 S.W.2d 697, 738 (Tex. Crim. App. 1992), supports his contention. In that case, the
court held that a defendant's fingerprints found on a blue Plymouth, a car that matched the
description of one that was observed several times near the grocery store on the day of the
offense, was relevant tending to make more probable the State's theory that the Plymouth was
used for the defendant's get away. Appellant argues that the court in Cooks focused on the time
element. Although the State's evidence in this case may have been stronger if it had been shown
the appellant possessed the 9mm handgun earlier on the day of the murder, we do not read Cooks
to require exclusion of the challenged evidence in this case even though the time element is greater
than in Cooks. Appellant also cites the concurring opinion in Saenz v. State, 843 S.W.2d 24
(Tex. Crim. App. 1992) (Clinton, J., Concurring), in support of his argument that his earlier
possession of a 9mm handgun was not relevant to prove the offense charged. The facts in Saenz
are distinguishable from those in this case. Furthermore, the majority of the court in Saenz
expressed the view that the disputed evidence was relevant. Saenz, 843 S.W.2d at 27.

 To prove its case, the State was required to show that appellant intentionally and
knowingly caused the victim's death by shooting him with a firearm, a deadly weapon. The
victim was murdered with a 9mm handgun. Evidence that appellant possessed, exhibited, and
fired a 9mm handgun six weeks before the murder, even though the State could not show it was
the same "silver" 9mm handgun, made it more probable than if that evidence had not been
admitted that appellant and not someone else in the group possessed and used the 9mm handgun
to murder the victim. Cf. Burks v. State, 876 S.W.2d 877, 888 (Tex. Crim. App. 1994). That
it was appellant and not someone else at the scene who possessed and fired the handgun at the
victim was a fact of consequence. Therefore, the trial court was well within its discretion to find
the evidence relevant to the State's required proof.

 Having determined that the extraneous offense evidence was relevant, we now must
decide whether it has relevance apart from its tendency to prove appellant's character and that he
acted in conformity therewith. Tex. R. Crim. Evid. 404(b); Montgomery, 810 S.W.2d at 387;
Beasley v. State, 838 S.W.2d 695, 701 (Tex. App. Dallas 1992, pet. ref'd). Rule 404(b)'s
enumerated list of "other purposes" is neither exclusive nor collectively exhaustive, and necessity
may be an "other purpose." Rogers v. State, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993);
McFarland v. State, 845 S.W.2d 824, 836-37 n.4 (Tex. Crim. App. 1992). Evidence that
appellant possessed, exhibited, and fired a 9mm "silver" handgun at an earlier time on premises
other than his own was not offered to show he may have violated the law. That this evidence
showed a violation of law was only incidental to showing that appellant possessed a 9mm handgun
at a prior time to aid in proving that appellant fired a 9mm handgun which killed the victim. This
evidence was admitted for a legitimate purpose. See Ivey v. State, 212 S.W.2d 146, 148 (Tex.
Crim. App. 1948). The trial court was well within its discretion in finding that the evidence was
not offered for the purpose of showing appellant's bad character and that he acted in conformity
therewith.

 We have held that the evidence of the extraneous offense was relevant to prove a
fact of consequence and that this evidence was relevant apart from its tendency to prove
appellant's character and that he acted in conformity therewith. We must still determine whether
the probative value of this evidence is substantially outweighed by the danger of unfair prejudice
to appellant, or whether it has the potential to confuse the issues, mislead the jury, cause undue
trial delay, or require the needless presentation of cumulative evidence. See Tex. R. Crim. Evid.
403. An appellate court must measure the trial court's ruling against the relevant criteria by
which a Rule 403 decision is to be made. Montgomery, 810 S.W.2d at 392; see Rankin, slip op.
at 56. The relevant criteria set out in Montgomery are: (1) proof that appellant committed the
act of extraneous misconduct; (2) the nature of the misconduct; (3) the inherent probativeness of
the misconduct evidence; (4) the trial delay necessary to develop the extraneous misconduct
evidence; and (5) the State's need for the extraneous transaction. Montgomery, 810 S.W.2d at
389-90. A trial court's Rule 403 ruling admitting extraneous offense evidence is measured by an
abuse of discretion standard. Id. at 391. The approach under Rule 403 is to admit relevant
evidence unless the probative value of that evidence is substantially outweighed by the danger of
unfair prejudice to appellant. Crank v. State, 761 S.W.2d 328, 342 n.5 (Tex. Crim. App. 1988);
Thacker v. State, 889 S.W.2d 380, 392-93 (Tex. App.--Houston [14th Dist.] 1994, pet. ref'd).

 That appellant committed the extraneous offense is beyond doubt. The nature of
the offense was not grave. It was not heinous misconduct. Appellant merely possessed,
exhibited, and fired a 9mm handgun. The act was criminal only because appellant committed the
act on property he did not own. There was no evidence that appellant threatened or assaulted
anyone or caused any property damage on that occasion. It is an offense seldom prosecuted. This
evidence had little potential to cause the jury to act in an irrational way. Even though its inherent
probativeness may not have been great, the circumstances in this case enhanced its actual
probative value because the murder weapon was not in evidence. Ballistics tests showed the bullet
recovered from the victim's body was fired from a 9mm handgun. There was no evidence that
anyone present at the time of the murder, other than the murderer, possessed such a weapon. All
of the witnesses to the murder, except one, were under the influence of lysergic acid diethylamide. 
That appellant had possessed, exhibited, and fired a 9mm handgun five or six weeks prior to the
murder was a fact of significant probative value. The State's need for the extraneous offense
evidence in these circumstances was fairly substantial. Evidence of the extraneous offense aided
in proving that appellant and not someone else at the scene committed the offense. Indeed,
appellant asserts that if the extraneous offense evidence had been excluded, as he says it should
have been, the State's case would have been significantly weaker. The extraneous offense
evidence was not cumulative and it did not cause undue trial delay.

 We hold that the trial court did not abuse its discretion in finding that the
extraneous offense evidence had relevance apart from its tendency to prove appellant's character,
and that the evidence had probative value which substantially outweighed the danger of unfair
prejudice to appellant. Further, we hold that this evidence was not cumulative, and that it lacked
the potential to confuse the issues, mislead the jury, or cause undue trial delay. The trial court
did not err in admitting the extraneous offense evidence. Appellant's first point of error is
overruled.

 In his second point of error, appellant insists that the trial court erred in refusing
to submit to the jury his requested instruction on defense of a third person. A person is justified
in using force or deadly force against another to protect a third person if:



(1) under the circumstances as the actor reasonably believes them to be, the actor
would be justified under Section 9.31 or 9.32 in using force or deadly force
to protect himself against the unlawful force or unlawful deadly force he
reasonably believes to be threatening the third person he seeks to protect; and


(2) the actor reasonably believes that his intervention is immediately necessary
to protect the third person.



Tex. Penal Code Ann. § 9.33 (West 1994); see Hughes v. State, 719 S.W.2d 560 (Tex. Crim.
App. 1986).

 An accused is entitled to a jury instruction on every defensive issue raised by the
evidence regardless of its strength or the trial court's belief in its credibility. Hayes v. State, 728
S.W.2d 804, 807 (Tex. Crim. App. 1987); Constancio v. State, 643 S.W.2d 153, 154 (Tex.
App.--Austin 1982, no pet.). However, a trial court may refuse a requested instruction if the
evidence is not sufficient to raise the defensive issue. Carrillo v. State, 591 S.W.2d 876, 891
(Tex. Crim. App. 1979); Nance v. State, 807 S.W.2d 855, 863 (Tex. App.--Corpus Christi 1991,
pet. ref'd). Before submitting a jury instruction on the defense of a third person, the trial court
should find that the evidence viewed in the light most favorable to the defendant raised the issue
that appellant reasonably believed his intervention was immediately necessary to protect the third
person. Tex. Penal Code Ann. § 9.33(2) (West 1994); Constancio, 643 S.W.2d at 154,156; Pena
v. State, 635 S.W.2d 912, 913 (Tex. App.--Eastland 1982, pet. ref'd).

 In this case, appellant did not testify and therefore did not raise the issue by his
testimony. The victim did not exhibit a weapon and none was found on his body, his car, or at
the scene. The victim was felled by appellant's shots, which struck him in the back at a distance
of fifty feet. Appellant's requested instruction does not designate a specific person or persons who
he reasonably believed his intervention was immediately necessary to protect. The evidence that
appellant in his brief says entitles him to the requested instruction is: (1) several people present
that evening feared the victim was attempting to get a weapon from his car; (2) one witness
testified she heard the victim state he was getting a gun; (3) people were fleeing because they
feared for their safety; and (4) the trial court granted appellant's request for a self-defense
instruction.

 We hold that the trial court did not err in finding this evidence did not raise the
issue that appellant reasonably believed that his intervention was immediately necessary to protect
a third person. That the trial court, in an abundance of caution, granted appellant's request for
an instruction on self-defense did not necessarily require an instruction on defense of another. In
view of the record, the self-defense instruction adequately protected the rights of appellant. 
Appellant's second point of error is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Kidd, B. A. Smith and Dally*

Affirmed

Filed: May 29, 1996

Do Not Publish



* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).



ed.

 In his second point of error, appellant insists that the trial court erred in refusing
to submit to the jury his requested instruction on defense of a third person. A person is justified
in using force or deadly force against another to protect a third person if:



(1) under the circumstances as the actor reasonably believes them to be, the actor
would be justified under Sect