TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00598-CR







Ray Charles Davis, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0961754, HONORABLE JON N. WISSER, JUDGE PRESIDING







 Appellant Ray Charles Davis was convicted of the offense of murder. See Tex. Penal
Code Ann. § 19.02 (West 1994). Appellant's punishment, enhanced by a prior felony conviction, was
assessed by the jury at life imprisonment. In five points of error, appellant asserts that the evidence is
neither legally nor factually sufficient to support the jury's verdict, accomplice witness testimony was not
corroborated, and the trial court erred in admitting inadmissible evidence. We will overrule appellant's
points of error and affirm the trial court's judgment.

 The testimony of several witnesses, some of whom were reluctant to testify, will be
summarized. At about 8:40 p.m. on January 20, 1995, Nathaniel Davis was shot and killed on the
premises of the Santa Rita Court Apartments. Austin Police Officer Don Doyle testified that the Santa Rita
Apartments "is a high gang area" for the Bloods and the Crips and that these gangs have a violent rivalry. 
The Bloods wear red clothing and the Crips blue or black. The victim was seen in the apartment complex
wearing red clothing, "set tripping," and "throwing up gang signs" associated with the gang known as the
Bloods.

 Earlier that day, Christopher Bryant was "chilling" and "hanging out" at the Santa Rita
Apartments with members of his family "smoking some weed." Later, appellant and Richard Rivers "came
over." It was decided that Bryant would "go get some weed." He was accompanied by his brother
Michael and appellant. They denied being gang members but it was shown that they were or had been
affiliated with the Crips gang. Bryant was walking ahead of the others as they walked through the
apartment complex. Bryant saw the victim whom he also knew as "Pooh." Pooh said to Bryant "What's
up Christo?" Bryant replied, "Nothing man." Appellant then said to the victim, "Get up out that red." 
Bryant testified that, although he did not know appellant had a gun, he saw appellant "pull out the shot gun"
from under his coat and then "heard a loud shot." The victim died of a head wound inflicted by the shot. 
Appellant and Rivers left the scene in a small red car. Rivers was arrested two days later in a car in which
the police found a shotgun they believed was used to kill the victim. Appellant testified he was not a gang
member. He also offered an alibi defense through his testimony and the testimony of other witnesses.

 In his first point of error, appellant contends that the evidence is legally insufficient to
support the jury's verdict. He urges that Bryant was an accomplice witness whose testimony must be
eliminated from consideration in determining the legal sufficiency of the evidence. Appellant argues that
without Bryant's testimony the evidence is legally insufficient. In reviewing the legal sufficiency of the
evidence, we must consider the evidence in the light most favorable to the verdict to determine whether any
rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See
Jackson v. Virginia, 443 U.S. 307, 324 (1979); Garcia v. State, 919 S.W.2d 370, 378 (Tex. Crim.
App. 1994). A reviewing court, in determining legal sufficiency, must consider all of the evidence; this
includes accomplice witness testimony. See McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim. App.
1997). When all of the evidence including Bryant's testimony is considered, the evidence is legally
sufficient. Appellant's first point of error is overruled.

 In his second point of error, appellant asserts the evidence is factually insufficient. The
standard of review for factual sufficiency of evidence has been recently restated by the Court of Criminal
Appeals. "We emphasize that in performing a factual sufficiency review, the courts of appeals are required
to give deference to the jury verdict, examine all of the evidence impartially, and set aside the jury verdict
'only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.'" 
Cain v. State, No. 1525-9, slip op. at 14-15, (Tex. Crim. App. Dec. 18, 1997) (quoting Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996)); see also Stone v. State, 823 S.W.2d 375, 379-81 (Tex.
App.--Austin 1992, pet. ref'd untimely filed). When we apply the standard of review required by Cain,
Clewis, and Stone, we conclude that the evidence supporting the jury's verdict is not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. In fact, the evidence is substantial
in support of the jury's verdict. We hold the evidence is factually sufficient and overrule appellant's second
point of error. 

 In his third point of error, appellant says that the evidence is insufficient to corroborate the
accomplice witness' testimony. Appellant declares that Bryant and Rivers were accomplice witnesses. 
Appellant argues his contention is supported by evidence, because Bryant had been with appellant for an
hour before the shooting and must have known appellant had the shotgun concealed under his coat. 
Moreover, Bryant did not come forth with his version of the shooting until a week later when the police
took him into custody. Appellant concludes that Bryant's proximity to the crime and the absurdity of his
story combined to make him an accomplice witness. As for Rivers, appellant argues he was the person
arrested two days after the shooting in possession of the shotgun police believed was used to kill the victim. 
Appellant concludes that Rivers's "recent possession of the murder weapon, coupled with his admitted
presence at the scene of the crime, clearly makes Rivers an accomplice witness." Neither Bryant nor
Rivers was charged with the murder. Appellant did not object to the absence of a jury charge on
accomplice witness testimony and did not request such a charge.

 An accomplice witness is someone who has participated with someone else before, during,
or after the commission of the crime. See Kunkle v. State, 771 S.W.2d 435, 439 (Tex. Crim. App.
1986); Ferguson v. State, 573 S.W.2d 516, 523 (Tex. Crim. App. 1978). If the witness cannot be
prosecuted for the offense with which the accused is charged, the witness is not an accomplice witness as
a matter of law. See Kunkle, 771 S.W.2d at 439; Carrillo v. State, 591 S.W.2d 876, 882 (Tex. Crim.
App. 1979). Moreover, a witness is not an accomplice witness merely because he or she knew of the
offense and did not disclose it, or even concealed it. Kunkle, 771 S.W.2d at 435; Russell v. State, 598
S.W.2d 238, 249 (Tex. Crim. App. 1980). The witness's presence at the scene of the crime does not
render that witness an accomplice witness. See Kunkle, 771 S.W.2d at 439; Arney v. State, 580 S.W.2d
836, 839 (Tex. Crim. App. 1979). Complicity with an accused in the commission of another offense does
not make the witness's testimony that of an accomplice witness for the offense for which the accused is on
trial. See Kunkle, 771 S.W.2d at 439; Carrillo, 591 S.W.2d at 883. When these rules are applied,
neither Bryant nor Rivers were shown to be accomplice witnesses. Appellant's third point of error is
overruled.

 In his fourth point of error, appellant contends the trial court erred in "allowing evidence
of an extraneous offense not committed by appellant to be admitted into evidence." Appellant's complaint
relates to an incident that occurred eight days before the instant offense. While cross-examining appellant,
the State asked if he remembered "a guy" being shot and coming to appellant's house. He did remember
the incident. Defense counsel objected "to any extraneous offense being admitted" arguing that such
evidence was irrelevant and that "its probative value is outweighed by the prejudicial effect." The State,
in justification of its attempted cross-examination, maintained that appellant's testimony would not show
appellant committed an extraneous offense but it would show a motive for appellant shooting the victim. 
The State argued the wounded man was, like appellant, a Crip who had been shot by a Blood. The State
argued that it would show appellant retaliated by shooting the victim in this case who was a Blood. The
trial court overruled appellant's objection stating that the probative value of the testimony would outweigh
any prejudicial harm. In the cross-examination that followed, appellant testified that while he was watching
television, he heard someone calling for help. He saw a man outside crawling on the ground. The man told
appellant he had been shot twice; he showed appellant his head, back, and legs in which "little pellets" were
imbedded. Appellant's mother made a 911 call that brought police officers to investigate. Appellant
denied that he knew the wounded man's name was John Carter or that the man was a Crip. Appellant also
denied that he asked the wounded man who shot him and the circumstances of the shooting. Moreover,
appellant denied hearing the wounded man admit to the police officers that he was a Crip and that he had
been shot by a Blood. 

 Although the motive for committing a criminal offense is not an essential element to be
proved, if a motive can be shown, it is generally admissible because it is relevant as a circumstance tending
to prove the commission of an offense. Rodriguez v. State, 486 S.W.2d 355, 358 (Tex. Crim. App.
1972). It was legitimate for the State to attempt to prove appellant's motive for shooting the victim. After
appellant denied the facts which might have shown a motive, appellant did not request the trial court to give
a curative instruction. Furthermore, appellant made no attempt to show, if he believed it were true, that
the State had acted in bad faith in its cross-examination of appellant. See Hernandez v. State, 532
S.W.2d 612, 614 (Tex. Crim. App. 1976); Keel v. State, 434 S.W.2d 687, 690-91 (Tex. Crim. App.
1968). The State cross-examined appellant in an attempt to show appellant's motive for the murder. The
trial court did not err in allowing the State to cross-examine appellant in an attempt to show motive. 
Appellant's fourth point of error is overruled.

 In his fifth point of error, appellant insists that the trial court erred in admitting a hearsay
statement which was not admissible under any of the exceptions to the hearsay rule. The witness, Raymond
Sterling, was allowed to testify over appellant's hearsay objection that the victim said to Bryant, "What's
up, Christo?" Later, when Bryant testified, he testified that the victim said to him, "What's up Christo?"
and appellant made no objection. "Whether or not the testimony complained of was admissible as an
exception to the hearsay rule is irrelevant. If the fact to which the hearsay relates is sufficiently proved by
other competent and unobjected to evidence, as in the instant case, the admission of the hearsay is properly
deemed harmless and does not constitute reversible error." Anderson v. State, 717 S.W.2d 622, 627
(Tex. Crim. App. 1986); see also Livingston v. State, 739 S.W.2d 311, 333 (Tex. Crim. App. 1987);
Thomas v. State, 621 S.W.2d 158, 164 (Tex. Crim. App. 1980); Rosales v. State, 932 S.W.2d 530,
536-37 (Tex. App.--Tyler 1995, no pet.). Appellant's fifth point of error is overruled. 

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Powers, Jones and Dally*

Affirmed

Filed: March 12, 1998

Do Not Publish




* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



itted an extraneous offense but it woul